## FRANK E. AYERS, County Treasurer,

*v.*

## THE CHICAGO TITLE AND TRUST COMPANY, Exr. *et al.*

*Opinion filed October 19, 1900.*

1. INHERITANCE TAX—*appraisement of estate in remainder is to be made upon testator's death.* The appraisement of an estate in remainder, provided for by section 2 of the Inheritance Tax law, (Laws of 1895, p. 303,) is to be made immediately after the death of the testator, and not after the death of the life tenant.

2. SAME—*estates in expectation are subject to inheritance tax.* Under section 1 of the Inheritance Tax law of 1895 "expectant estates" or "estates in expectation" are subject to tax.

3. SAME—*Inheritance Tax law of 1895 construed.* Life estates or for a term of years, which are specifically enumerated in section 2 of the Inheritance Tax law, are the only estates not subject to tax; and this exemption is dependent upon the further requirement that the remainder shall be to the collateral heirs of the decedent, or to a stranger in blood or to a body politic or corporate.

4. SAME—*tax on remainder is due and payable upon testator's death.* Under the provisions of the Inheritance Tax law the tax on a remainder, whether vested or contingent, is due and payable upon the death of the testator, unless the remainder-man elects to defer payment by giving bond, as is provided in section 2 of the act.

5. SAME—*correct practice in appraising estate under Inheritance Tax law.* It is the duty of the court to fix the cash value of all estates, annuities, life estates or for a term of years, and the tax to which they are liable; and hence the appraisement should show the value of the estate received by each residuary legatee under the will, after deducting the value of all gifts and legacies preceding the residuary clause.

6. REMAINDERS—*remainder-men may exist as a class without reference to individuals.* Those persons who would inherit, under the laws of descent, at the death of the life tenant or at the expiration of an estate for years constitute a class of remainder-men, notwithstanding the individuals who compose the class may be uncertain.

7. SAME—*when remainders are considered as vested.* Remainders which are left to persons, not by name but to be determined by the statutes of descent, or to a class, are considered as vested.

APPEAL from the County Court of DuPage county; the Hon. JOHN H. BATTEN, Judge, presiding.

Arthur C. Ducat died January 29, 1896, in DuPage county, Illinois, testate, and his will was admitted to probate February 4, 1896. By the first clause of the will he directed the payment of his debts and funeral expenses, together with the costs and expenses of administration of the trusts therein expressed. By the second clause $25 was left to each of his children and to his sister, to be used in purchasing some article to be selected by each, etc. By the third clause he gave to his wife the library, pictures, papers, portraits, household furniture, horses, carriages, harness, live stock, plate and tableware, etc. By the fourth clause he gave his son Reginald his watch, wardrobe, guns, etc. By the fifth clause he gave his son Arthur C. $10,000. By the sixth clause he gave the Chicago Title and Trust Company $15,000, to be invested and the net income thereof paid to his daughter, Kate Alice Stivers, or to her children, until the termination of the trust mentioned in clause 9 of his will. The seventh clause of his will is as follows:

"*Seventh*—All the rest, residue and remainder of the estate, real, personal and mixed, of every kind and nature and wherever situate, which I shall leave at my decease, I do hereby devise and bequeath unto said Chicago Title and Trust Company, in trust, however, for the uses and purposes following, that is to say: To retain in kind, in whole or in part, as Charles F. Grey, George M. Lyon and George L. Paddock, hereinafter named, or either of them, may from time to time determine and advise my said trustee, all my articles of personal property not herein specifically disposed of or belonging to my premises at Downer's Grove, Lake Geneva or other places, which I shall leave at my decease, for the equal benefit and use of my now minor children, Mary, Reginald, Elizabeth, Alice Edith, Aileen Gladys, and my wife, Alice Jane Ducat, and any child hereafter born to me, in trust to manage all said trust estate, in order to keep the same as productive as may be, and from time to time to

sell, convey or convert into money or purchase money
first mortgages, any or all of my real estate, in such
manner and upon such terms as to my said trustees shall
seem best; and in further trust to sell and convert into
money such of my bonds, stocks, securities or other per-
sonal property or effects as the best interests of my es-
tate may seem to my said trustees to require, without
obligation on the part of any purchaser, whether of re-
alty or personalty, to see to the application of purchase
money; and in further trust and with further power from
time to time to invest, re-invest and keep invested, by
means of purchases, loans with adequate security, ex-
change or otherwise, the proceeds and avails of such real
and personal estate or conversions thereof, so as to pro-
duce the best and safest income, such trust and holdings
in trust to continue until the time hereinafter appointed
for the division of my estate, and in the meantime, and
during all the period of such trust, to pay the proper and
lawful taxes and assessments on my estate, and to keep
all buildings and other destructible property belonging
to said trust properly insured against fire, lightning and
tornadoes, in good and solvent companies, collect the
aforesaid fire insurance and invest the same as directed
for other money and personal property, according to the
trusts herein expressed; and upon the further trust to
hold my said estate in the name above mentioned for in-
come and accumulation until the death of my said wife,
Alice Jane Ducat, and all my following named children,
viz.: Mary Ducat, Reginald Ducat, Elizabeth Ducat, Alice
Edith Ducat and Aileen Gladys Ducat, and any other
child or children that may be born to me before or after
my death.    In the meantime, and until the lapsing of all
said lives, to divide and distribute equally among my
said children last named and described, and my said wife,
the net income of said trust fund, with full power to my
said wife to expend the portion of any minor child, or
such part as shall seem necessary, for the use, benefit,

support and education of such minor, and her receipt to my trustee shall be a sufficient voucher therefor, the use and benefit of such income to go to and be enjoyed by the survivors of my said wife and my children last above named and described: *Provided,* that where such non-survivors leave children or descendants of children, such income shall go to such children or descendants by representation of the share of the deceased parent, so that my said wife, the said children in this section named, and their descendants, enjoy such income until the closing of the trusts in this will expressed."

The eighth clause directs his trustee to use and expend from the income of his estate, and not from the capital unless necessary, such semi-annual sums as will suffice for the reasonable support of his wife and his then minor children and for any child thereafter born, and for their education. The ninth clause is as follows:

"*Ninth*—Upon the decease of my said wife, Alice Jane Ducat, and all of my said children above named and described, Mary Ducat, Reginald Ducat, Elizabeth Ducat, Alice Edith Ducat, Aileen Gladys Ducat, and any other child or children born to me hereafter, it is further my will that said trust fund, or so much as shall remain, shall go and by my said trustee be set apart and divided according to the mode of distribution now in force by the statute of Illinois in case of intestate estates, to such persons as could be entitled in such case."

The tenth clause makes the Chicago Title and Trust Company executor, with the Northern Trust Company of Chicago successor in trust. The eleventh clause provides that as long as Charles F. Grey, George M. Lyon and George L. Paddock, or any of them, shall live in Cook county, no sale or purchase of any real estate or loan of trust funds shall be made without the approval of one or more of those three persons. The twelfth clause appoints his wife, Alice Jane, guardian of the persons and education of his minor children, giving her power of substitu-

tion.    The thirteenth clause directs that all provisions
in favor of his wife, Alice Jane, are to be taken as addi-
tions to matters stipulated in her favor in an ante-nuptial
contract.   By the ante-nuptial contract he bound himself,
his heirs, executors and administrators, to pay to Alice
Jane Sutter, who subsequently became his wife, the sum
of $25,000 in full of dower, homestead and other rights.

The Chicago Title and Trust Company was appointed
executor February 4, 1896, and on May 4, 1896, filed its in-
ventory of the real and personal estate of the deceased.
An additional inventory of personal property was filed
on October 31, 1897.  The two inventories show the value
of the personal property to be $330,464.07.  The value of
the real estate is not given.

On May 20, 1898, the county treasurer of DuPage
county filed in the county court a petition, with a copy
of the will and inventory attached, stating the above
facts, and praying that an appraiser be appointed and
such other proceedings may be taken for the ascertain-
ment and collection of the amount to be collected under
the Inheritance Tax law, etc.  To that petition a general
demurrer was filed on behalf of the Chicago Title and
Trust Company and Alice Jane Ducat, and on June 10,
1899, an order was entered finding "that no tax is due or
payable out of said estate at present, nor will be until the
death of all the following named beneficiaries in the will
of said Arthur C. Ducat in said petition mentioned, viz.,
Alice Jane Ducat, Mary Ducat, Reginald Ducat, Elizabeth
Ducat and Alice Edith Ducat, but that the estate of said
Arthur C. Ducat should by law be now appraised under
the act aforesaid; and the court finds also that said de-
murrer of said Chicago Title and Trust Company to said
petition is not well taken, but the demurrer of said Alice
Jane Ducat to said petition is well taken, wherefore the
said demurrer of said Chicago Title and Trust Company
is now overruled and said demurrer of said Alice Jane
Ducat is sustained and said petition is now dismissed as

to her, said Alice Jane Ducat; and said other defendant not further answering said petition, the court further orders that James T. Hosford, of the village of West Chicago, in said county, be and he hereby is appointed appraiser to appraise said estate, and he is further directed to give at least ten days' notice by mail of the time and place of making said appraisement and taking testimony in said matter by said appraiser, which notice shall be given and mailed to each of the following persons, to-wit: Chicago Title and Trust Company, a corporation, 100 Washington street, Chicago, Illinois; Alice Jane Ducat, Evanston, Illinois; Kate A. Stiver, of Ripon, Wisconsin; Capt. Arthur C. Ducat, of U. S. A., Salt Lake City, Utah; Mary Ducat, Reginald Ducat, Elizabeth Ducat and Alice Edith Ducat, children of the deceased, residing at Evanston, Illinois,—said persons being the persons claiming some interest in and to said estate. Said appraiser is further directed to appraise the estate, both personal and real, of said deceased as of the time of his decease, at a fair market value thereof, and to take the testimony of such witnesses as the said appraiser shall deem necessary, having knowledge of the value of said estate, and to report said testimony of said witnesses to this court. The said appraiser is further directed to report to this court his finding of the value of said estate, both personal and real, and that said matter be reported to this court for further order; and also that said appraiser give notice in writing, by mail, to said defendants of the time at which said report is to be filed by him, at least five days before filing the same."

On September 30, 1899, the appraiser appointed by the court filed in the clerk's office his report in writing, together with evidence taken by him as such appraiser, and notices given of the order of court, by which appraisement the real estate of the deceased was valued at $33,131.50 and the personal property at $333,118.57, making the total value of the real and personal property

$366,250.07.    On the same day the following order was entered of record by the county court:

"Now on this day comes the county treasurer, by M. Slusser, State's attorney of said county, and also come the Chicago Title and Trust Company, executor, etc., *et al.*, by George L. Paddock, its attorney, and comes also J. T. Hosford, appraiser, heretofore appointed to fix the cash value of the said estate, and files his report herein, and said report coming on for hearing upon the same and the objections of the said Chicago Title and Trust Company, executor and trustee, *et al.*, thereto, and the court being fully advised in the premises, doth order, adjudge and decree that said report be and the same is hereby in all things approved and confirmed, to which order of the court the said Chicago Title and Trust Company, executor and trustee, by its attorney, then and there excepts. And thereupon comes the said county treasurer, by his attorney, and moves the court herewith to fix the cash value of all estates, annuities and life estates or terms for years growing out of the said estate or created under the provisions of the last will and testament of the said deceased, and further to forthwith fix the tax to which the same are liable, as provided in an act of the General Assembly of the State of Illinois entitled 'An act to tax gifts, legacies and inheritances in certain cases and to provide for the collection of the same,' approved June 15, 1895, and in force July 1, 1895. And said motion coming on for hearing, and the court being fully advised in the premises, doth order, adjudge and decree that the said motion be and the same is hereby overruled. To the overruling of which said motion the said county treasurer, by his said attorney, then and there excepted, and prays an appeal to the Supreme Court of the State of Illinois, which is granted, and the said county treasurer is hereby given sixty days within which to present and have signed and sealed his bill of exceptions herein. And by agreement of all parties hereto it is ordered that this

appeal be consolidated with the one prayed in this case
on the tenth day of June, A. D. 1899, and the same may
be taken up upon one record."

E. C. AKIN, Attorney General, (C. A. HILL, of counsel,)
for appellant.

PADDOCK, WRIGHT & BILLINGS, (GEORGE L. PADDOCK,
and PENCE & CARPENTER, of counsel,) for appellees:

The remainders to be distributed by a trustee in the
future, at the lapsing of the life tenancies, are not pres-
ently appraisable or taxable.   Their appraisal and taxa-
tion are impossible in the nature of things.

The inheritance tax is not a tax upon property, but a
tax upon the right to succeed to property.   *Kochersperger*
v. *Drake*, 167 Ill. 122; *Magoun case*, 170 U. S. 283.

Where time of distribution is made descriptive of the
class which is to take, the gift will not vest in interest
until the time so fixed for payment or distribution has
arrived.   *Haward* v. *Peavey*, 128 Ill. 440; *McCartney* v. *Os-
burn*, 118 id. 420.

While the tax is not a tax upon property, it is essen-
tial that there be a succession to property.   Property
must pass.   Inheritance Tax law, secs. 1, 2.

The word "or," in section 2 of the Inheritance Tax act,
is deliberately used in its primary and usual sense, as a
distributive or separating word.   To strike it out and in-
sert "with" or "and," as proposed, is, therefore, to use
"or" as a conjunctive or joining word.   The effect of this
construction is to defeat the obvious and expressed leg-
islative policy to discriminate by exemption in favor
of all mothers, all fathers, all husbands, all wives, all
brothers and sisters, all sons of widows, all lineal de-
scendants, devisees for life or years, and narrow down
the favor of exemption from tax to some mothers, some
fathers, some husbands, etc.   This not only divides the
class of mothers, fathers, devisees, etc., into a sub-class

187—4

of favorites and a sub-class of non-favorites, but bases that discrimination upon the wholly accidental feature of the nature of the "remainder."

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question presented on this record involves the construction of certain provisions of the Inheritance Tax law of this State, approved June 15, 1895, in force July 1, 1895. By section 1 of that act all property, real, personal and mixed, which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State, shall be and is subject to a tax at a rate thereinafter specified, and all heirs, legatees, devisees, administrators, executors and trustees are made liable for any and all such taxes until the same shall have been paid. The same section provides that when the beneficial interests to any property or income therefrom shall pass to or for the use of any father, mother, husband, wife or child, the rate of tax shall be one dollar on every $100, provided that any estate which may be valued at a less sum than $20,000 shall not be subject to any such duty or taxes. The second section of the statute is as follows:

"Sec. 2. When any person shall bequeath or devise any property or interest therein or income therefrom to mother, father, husband, wife, brother and sister, the widow of the son, or a lineal descendant during the life or for a term of years or remainder to the collateral heir of the decedent, or to the stranger in blood or to the body politic or corporate at their decease, or on the expiration of such term, the said life estate or estates for a term of years shall not be subject to any tax and the property so passing shall be appraised immediately after the death at what was the fair market value thereof at the time of the death of the decedent in the manner hereinafter provided, and after deducting therefrom the value of said

life estate, or term of years, the tax transcribed by this act on the remainder shall be immediately due and payable to the treasurer of the proper county, and, together with the interests thereon, shall be and remain a lien on said property until the same is paid:   *Provided*, that the person or persons or body politic or corporate beneficially interested in the property chargeable with said tax elect not to pay the same until they shall come into the actual possession or enjoyment of such property, or, in that case said person or persons or body politic or corporate shall give a bond to the People of the State of Illinois in the penalty three times the amount of the tax arising upon such estate with such sureties as the county judge may approve, conditioned for the payment of the said tax, and interest thereon, at such time or period as they or their representatives may come into the actual possession or enjoyment of said property, which bond shall be filed in the office of the county clerk of the proper county:   *Provided, further*, that such person shall make a full, verified return of said property to said county judge, and file the same in his office within one year from the death of the decedent, and within that period enter into such securities and renew the same for five years."

Under the seventh clause of the will the beneficial interest in and to the property therein described, as well as the income therefrom, passed to the Chicago Title and Trust Company, and so much as might be necessary might be used for the use of the wife and children of the deceased in their support, maintenance and education. The effect of section 1 of the act, imposing a tax upon any property passing by will or by the intestate laws, is sufficient to include property devised whereby an estate for life is created, unless the subsequent sections of the act limit the power of taxation on such devise. An exception is made by section 2 of the act, of a character to exclude from liability to a tax under the act life estates or their value.   That section provides that when a be-

quest or devise of property, or interest therein or income therefrom, is made to a mother, father, husband, wife, brother or sister, or widow of a son or a lineal descendant, during life or for a term of years, with remainder to the collateral heirs of the deceased, or to a stranger in blood, or to a body politic or corporate, the life estate shall not be subject to any tax. By the will in this case the devise was made of a life estate in the income for the benefit of the wife and children mentioned in the will, and upon the death of the beneficiaries of the income for life the remainder is to descend under the inheritance laws of the State of Illinois, and necessarily goes to the children of the testator's children or their descendants, or to his heirs. Where such a result follows under and by virtue of the will, it is clear that section 2 does not exempt such remainder from liability to a tax, but by the express provisions of that section the appraisal is to be made and the tax to be assessed on the death of the testator, and by the provisions of section 1 it is made payable on his death.

By section 2 it is provided that if the remainder is to the collateral heir of the decedent, or to a stranger in blood, or to a body politic or corporate, on the decease of the life tenant or the end of the life estate the life estate or estate for a term of years shall not be subject to any tax, "and the property so passing shall be appraised immediately after the death at what was the fair market value thereof at the time of the death of the decedent in the manner hereinafter provided, and after deducting therefrom the value of said life estate, or term of years, the tax transcribed by this act on the remainder shall be immediately due and payable," etc. The appraisal that is to be made immediately after death, mentioned in the foregoing quotation from that section, refers to the death of the testator and not to the death of the life tenant. If it referred to the death of the life tenant then there could be no deduction of the value of the life estate, for

such estate would be at an end and the gross sum would be in existence as liable to the tax. By this provision the tax on the remainder, whether vested or contingent, is immediately due and payable unless the holder of that remainder is in being, capable of acting, and elects not to pay the same until he comes into the actual enjoyment and possession of the property, in which case he must give bond for the payment thereof, with interest thereon at six per cent, renewable as specified in section 2. In the case now before the court there is no person in existence who could execute a bond or who could make an election to pay the same when he comes into actual enjoyment and possession of the property as a remainder-man, and hence the tax becomes immediately due and payable.

Where the remainder is actually vested in a person capable of making an election, and consequently capable of executing a bond, to be renewed as directed by the statute, the payment of the amount of tax, with six per cent interest annually, may be deferred in the manner provided by section 2. The statute contemplates the taxation of such interests as are capable of valuation at the death of the decedent because of the right of a person to inherit or the right to succeed under a will, and every interest, immediate or future, thus derived is liable to pay for such right of succession unless excepted by the act. Where a devise or bequest of a remainder works a vested though defeasible interest on the death of the testator, notwithstanding possession does not pass until the death of the life tenant, the transfer or succession takes place at the death of the testator and the remainder-men may be designated as a class. The individuals of the class may be uncertain, but the class itself is certain, and by the provisions of this will those who are surviving the life tenant, or surviving those who are entitled to the income for life, are designated as a class as those who would inherit under the laws of the State of Illinois, and the class exists without reference to the individuals who

compose it. In ascertaining the value of the estate in remainder the value of the life estate should be deducted, which can be determined by the use of the life tables.

We hold that the right to succession, under a will, to an estate in remainder is liable to be taxed, the valuation to be made as of the date of the death of the testator, and the value to be taken of the estate of the decedent less the value of the life estate, and where the remaindermen do not or cannot make an election, as provided by section 2, the tax must be paid in accordance with the provisions of that section. We further hold that where, as under the provisions of the will in this case, there is no provision for the remainder going to collateral relatives, a stranger to the blood or to a corporation, there is no one to make an election and the tax on the remainder becomes due. Section 3 of the act provides that all taxes imposed by the act, unless otherwise provided, shall be due and payable at the death of the decedent, and interest at the rate of six per cent per annum shall be collected thereon for such time as the tax is not paid. The only provisions with reference to "unless otherwise provided therein" are the provisions of section 2 with reference to collateral heirs, strangers to the blood and a corporation, extending the time for payment of the tax by executing bonds with security.

We are of opinion that the county court erred in entering its order, and its judgment is reversed and the cause remanded for further proceedings in accordance with what is herein said.    *Reversed and remanded.*

Upon the rehearing the following additional opinion was delivered:

Per CURIAM: We granted a rehearing in this case in order to give further consideration to the questions involved, and, after doing so, adhere to the views expressed in the opinion delivered upon the first hearing, and to the conclusion there reached.

Two questions are suggested by the record, and by the briefs of counsel. The first is: are the distributees, named in the seventh paragraph of the will, being the wife and five of the seven surviving children of the testator, now chargeable with a tax, or are they exempt under the act; and the second is: are the shares of the distributees, who are described as a class in the ninth paragraph, now chargeable with a tax, or must taxation be deferred until these distributees are individually identified, and the amount of their several separate estates and exemptions is ascertained by the future event?

*First*—It is contended by counsel for appellees, that section 2 of the act comprehends and exempts not only all legatees and devisees for life or years of the classes of kinship therein described, but also all other legatees and devisees for life and years whatever the class of their kinship may be, where the remainder is to a collateral heir, or stranger in blood, or to a body politic or corporate. We are not inclined to adopt this construction. Such a construction would virtually exempt from taxation all life estates and estates for years.

Section 2 of the act uses the following words: "Or remainder to the collateral heir of the decedent, or to the stranger in blood or to the body politic or corporate at their decease, or on the expiration of such term, the said life estate or estates for a term of years shall not be subject to any tax," etc. The words, "at their decease," refer back to the first clause of section 2, and the word, "their," refers to the persons or classes mentioned in that clause. In other words, the remainder referred to is a remainder at the decease of "mother, father, husband, wife, brother and sister, the widow of the son or a lineal descendant." Clearly, the words "at their decease or on the expiration of such term," can have no other reference than to the termination of the estate for life, or for a term of years, of the mother, father, husband, wife, brother and sister, widow of the son, or lineal descendant, men-

tioned in the first clause of the section. The estates of those particular persons or classes is also indicated by the words "the said life estate or estates for a term of years." If this be so, then the word "or" before the word "remainder" can have no other meaning than "and." It is well settled, that the words "or" and "and" will not have their literal meaning, when to give them their literal meaning renders the sense of a statutory enactment dubious. Their strict meaning is more readily departed from than that of other words, and one will be read in the place of the other where the meaning of the context requires it. (Sutherland on Statutory Construction, sec. 252.) Where it is necessary to effectuate the intention of the legislature, the word "and" is sometimes considered to mean "or," and the word "or" to mean "and." (2 Am. & Eng. Ency. of Law,—2d ed.—p. 333; *Boyles* v. *McMurphy,* 55 Ill. 236.) It follows, that the life estate, or estate for a term of years, referred to in section 2, is only exempt from the inheritance tax when the remainder, following upon the expiration of such estate, is to the collateral heir of the decedent, or to the stranger in blood, or to the body politic or corporate. As there is no such remainder under the provisions of the will of Arthur C. Ducat, deceased, the life estates of the distributees, named in the seventh paragraph of the will, are not exempt from the tax.

Section 1 of the act imposes the tax, and its first clause provides that "all property, real, personal and mixed which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State * * * shall be and is subject to a tax at the rate hereinafter specified to be paid to the treasurer of the proper county for the use of the State; and all heirs, legatees and devisees, administrators, executors and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed." Section 1 then

proceeds further to provide that "when the beneficial interests to any property or income therefrom shall pass to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of the son,  *  *  * in every such case the rate of tax shall be one dollar on every hundred dollars of the clear market value of such property received by each person and at ·and after the same rate for every less amount, provided that any estate which may be valued at a less sum than $20,000 shall not be subject to any such duty or taxes, and the tax is to be levied in above cases only upon the excess of $20,000 received by each person." By the terms of the seventh clause of the will now under consideration, the beneficial interest in and to the property there described, as well as the income therefrom, passed to the Chicago Title and Trust Company for the use of the wife and children of such deceased testator; and, therefore, the life estates therein described are brought within the taxing power of the first section of the Inheritance Tax law. That section reaches all.interests, incomes and expectancies, except the life estates and terms of years referred to in section 2 of the act.  That is to say, where the remainder goes to the collateral heir of the decedent, or to the stranger in blood, or to the body politic or corporate, the life estate or estate for years, upon which the remainder is dependent, is not taxable, but the tax on such remainder, whether vested or contingent, is immediately due and payable, unless the holder thereof elects not to pay the same until he comes into the actual enjoyment and possession of the property, and, in that case, he must give bond for the payment thereof, and for interest thereon at six per cent.

So far as the constitutionality of the act and of its various provisions is concerned, we decline to consider that question, as the constitutionality of the act has been settled by this court in the case of *Kochersperger* v. *Drake*, 167 Ill. 122, and by the Supreme Court of the United

States in the case of *Magoun* v. *Illinois Trust and Savings Bank*, 170 U. S. 283. Moreover, the question of the constitutionality of the act is not presented by the record, as no errors or cross-errors are assigned, which attack the constitutionality of the Inheritance Tax law, or any part thereof, either under the State constitution or under the Federal constitution.

*Second*—It is furthermore contended by counsel for appellees, that the remainders, provided for by the ninth clause of the will here under consideration, are not now taxable, and that the tax cannot be fixed until the estates of the life tenants shall be terminated. We cannot concur in this contention.

Section 1 of the act provides, that "all property, real, personal and mixed which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State    *    *    *    to any person or persons or to any body politic or corporate in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled in possession or expectation to any property or income thereof, shall be and is subject to a tax," etc. Bouvier, in his Law Dictionary, defines an estate in expectancy as follows: "An estate giving a present or vested contingent right of future enjoyment; one in which the right to pernancy of the profits is postponed to some future period. Such are estates in remainder and reversion." (Vol. 1, p. 693.) Anderson, in his Dictionary of Law, (p. 434) defines an expectancy as "an estate in remainder or a reversion." Black, in his Law Dictionary, (p. 460) defines "Expectancy" as follows: "The condition of being referred to a future time, or of dependence upon an expected event; contingency as to possession or enjoyment. With respect to the time of their enjoyment estates may be either in possession or expectancy; and of expectancies there are two sorts—one created by the act of the parties, called

'a remainder;' the other by act of law, called a 'reversion.'" He also defines "Expectant Estates" as follows: "Interests to come into possession and to be enjoyed *in futuro*. They are of two sorts at common law—reversions and remainders." Nothing is clearer than that, under section 1, "expectant estates" or "estates in expectation" are subject to tax. In view of the definitions of expectant estates above given, it is clear that the remainders, provided for in the will of Arthur C. Ducat, deceased, are estates in expectancy or expectation within the meaning of the statute; and, as such, they are subject to the inheritance tax provided for in section 1. The conclusion here announced is confirmed by the other provisions of the act. Section 2 exempts certain life estates and estates for years from taxation, but expressly provides for the levy of a tax upon the remainders dependent on such life estates or estates for years; and further provides that the tax on such remainders shall be immediately due and payable, and shall be a lien upon the property until the same is paid; but also provides that the persons chargeable with such tax may, if they so elect, give bond for the payment thereof when they come into the actual possession or enjoyment of the property. Section 3 makes all taxes imposed by the act due and payable at the death of the decedent, "unless otherwise provided for," and there is no other provision postponing such payment except that contained in section 2. From the language of sections 4, 5, 22 and other provisions of the statute, it seems to have been the intention of the legislature, that all estates subject to tax under the act shall be appraised and valued, and the tax thereon fixed, promptly upon the death of the testator or intestate, or within a reasonable time thereafter. Whether or not the remainders provided for in the present will are or may be considered vested or contingent is not altogether material, for they are "expectancies" within the meaning of the statute, and are presently taxable as such.

We see no reason why the county judge cannot ascertain the value of the estate which passed to the Chicago Title and Trust Company, as trustee, under the present will, and, after deducting the debts, legacies, costs of administration and compensation of trustees, fix the tax for which the trustee under the statute is liable. .

If it were important to settle the technical question whether the remainders are vested or contingent, the balance of the argument is in favor of holding them to be vested. The remainders, dependent upon the life estates provided for in the will, or so much of the trust fund as shall remain at the death of the life tenants, "shall go and by my said trustee be set apart and divided according to the mode of distribution now in force by the statute of Illinois in case of intestate estates to such persons as could be entitled in such case." The class, who are to take as remainder-men upon the termination of the life estates, is fixed and determined by the will itself, but the time of enjoyment or possession only is postponed, and hence the remainders here must be regarded as vested remainders. In construing wills, a remainder will be held to be vested unless a contrary intention on the part of the testator is clearly manifested, and the law always gives a preference to vested remainders over contingent remainders. (*Scofield* v. *Olcott*, 120 Ill. 362; *Kellett* v. *Shepard*, 139 id. 433; *Ducker* v. *Burnham*, 146 id. 9; *Grimmer* v. *Friederich*, 164 id. 245; *McCartney* v. *Osburn*, 118 id. 403; *Harvard College* v. *Balch*, 171 id. 275.) Under these authorities when remainders are left to persons, not by name, but to be determined by the statutes of descent, or to a class as in the will in the case at bar, they are considered as vested remainders.

For the reasons above stated, we are still of the opinion that the remainders provided for by the ninth clause of the will here are now taxable.

We do not deem it necessary to review the New York decisions referred to by counsel for appellees. A careful

examination of those decisions, and of the inheritance laws of New York, will show differences which make them inapplicable for the most part to cases arising under the statute of this State. One of the main differences between the Illinois act and the New York act is, that the former taxes all successions, except the life estates and terms for years mentioned in section 2 above quoted, while the latter taxes only successions to collaterals, or strangers in blood.

*Third*—Some of the errors assigned attack the appraisement made by or under the direction of the county judge, because it simply values the entire estate of the deceased, and fails to ascertain the value of the estate received by each person. The cash value of all estates, annuities and life estates or for terms of years, and the tax to which the same is liable, should be fixed by the county judge. The county judge erred here in approving the report made by the appraiser, inasmuch as the appraisement therein made was not of the character thus indicated. The report as made furnishes no legal basis for fixing the cash value of the estates received by the wife and children, nor for fixing the tax to which the same is liable. The appraiser should show the value of the estate received by each residuary legatee under the will, and, in doing so, should deduct the gifts and legacies preceding the residuary clause of the will. No estimate was made and no notice taken in the report of these preceding gifts. The appraisement was made upon the basis of the entire value of the decedent's property at the time of his death, and not of the value of the estate received by each person under the will. Such an appraisement offers no proper basis for the levy of a tax under the Inheritance Tax law. We are, therefore, of the opinion that the county court erred in approving the report of the appraiser as made.

The former opinion filed herein is re-adopted, together with the additional suggestions herein set forth; and it

is ordered that said former opinion, together with the present opinion as an *addendum* thereto, be re-filed, and that the judgment of reversal heretofore entered herein be re-entered as the judgment of this court; and the cause is hereby remanded to the county court for further proceedings in accordance with what is said herein and in said former opinion.      *Reversed and remanded.*