| 62 | 845 |
| 67 | 616 |

## JACOB W. STARR v. JOHN FLYNN.

**No. 11,667.** (62 Pac. 659.)

ATCHISON CITY COURT—*Act Construed—Terms of Officers.* Chapter 125 of the Laws of 1899 creates one city court in Atchison City township, and provides in section 4 that the governor shall appoint a marshal, whose term of office shall commence with the date of his commission, and who shall hold his office for two years and until his successor is elected and qualified. Section 22 provides that the first election of a marshal shall be held at the election of city officers in the year 1899. Section 23 requires that a vacancy in the office of marshal shall be filled by the governor's appointment until the next general election occurring more than thirty days after such appointment. The act took effect twenty-six days before the city election mentioned in section 22. Starr was appointed by the governor as marshal of said court, the commission reading that his term of office was for two years. Flynn was elected to the office at the city election in April, 1899. *Held*, that the language of section 22, requiring the first election of a marshal to be held at the election for city officers in the year 1899, is mandatory, and that section 23 relates to vacancies oc-

curring after said election. *Held, further*, that section 4 can be harmonized with section 22 by making the word *and* read *or*, thus extending the tenure of office of the governor's appointee up to, but not beyond, the time when his successor was elected and qualified.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed November 10, 1900. Affirmed.

*W. D. Gilbert*, and *W. W. & W. F. Guthrie*, for plaintiff in error.

*Waggener, Horton & Orr*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: An act of the legislature entitled "An act creating one city court in Atchison City township," etc., was approved February 27, 1899, and took effect upon its publication in the official state paper on March 8 following. It is sufficient in this case to set out in full three sections of the law, which read:

"SEC. 4. The governor shall appoint and commission a judge and a marshal for said court hereby created, whose term of office, respectively, shall commence with the date of their commission, and who shall hold their office for two years and until their successors are elected and qualified, as hereinafter provided."

"SEC. 22. The terms of office of the judge and marshal of said court shall be for two years and until their successors are duly elected and qualified, and the first election of such judge and marshal shall be held at the election of city officers of said city in the year 1899.

"SEC. 23. All the vacancies in the office of judge or marshal of said court shall be filled by appointment of the governor until the next election for city officers occurring more than thirty days after such appointment."

On March 10, two days after the law went into effect, plaintiff in error, Jacob W. Starr, was appointed

marshal of said court by the governor, the commission reading that his term of office was for two years. At the annual city election held on the first Tuesday in April, 1899, the defendant in error was elected marshal of said court, and, after qualifying, demanded possession of Starr, who was then exercising the duties of the office. The demand being refused, he brought an action of ouster against Starr in the district court and obtained judgment against him. Starr has brought the rulings of the trial court here for review.

It is urged by counsel for plaintiff in error that the governor's appointee was, by his commission, given title to the office at least until the spring election of 1900, notwithstanding the direction in section 22 of the act that the first election of a marshal for said court should be held in the year 1899; that the appointment having been made at a period when thirty days could not elapse between the appointment and the next election of city officers, the term of office extended at least until the election of city officers was held at a time more than thirty days from such appointment. The act took effect twenty-six days before the election mentioned in section 22.

Between sections 4 and 22 there is serious conflict, and it is plain to be seen that the two provisions cannot be harmonized, if they are to be read and understood literally as they appear in the statute. Section 4 provides for the appointment by the governor of a marshal, who shall hold his office for two years *and* until his successor is elected and qualified, and section 22 requires that such officer shall be elected in April, 1899. Having specifically provided for and fixed a date at which an election should be held for the selection by the people of a person to fill the of-

fice of marshal, we think the language of section 22 should be given a mandatory effect. (Throop, Pub. Off. § 148.)

Regarding section 23, we think that the vacancies provided for, which are required to be filled by the governor, have reference to vacancies occurring by death, resignation or removal after the office has once been filled. It is an inapt expression to use the term vacancy as applicable to a newly created office which has never had an incumbent. It is a better construction of section 23 to apply its language to vacancies occurring after the election of 1899.

Holding this view, it only remains to bring order out of the confusing and contradictory terms of sections 4 and 22, and in doing this we have arrived at that conclusion which can be reached with least resistance to a sensible construction of the two sections, doing as little violence as possible to the language employed. There are fewer obstacles in the way of giving effect to the law by holding that the word *and* in section 4 should be read *or*, making that section mean that the marshal appointed should hold his office for two years *or* until his successor is elected and qualified. This interpretation in no manner interferes with the express direction that the office shall be filled at the April election in 1899.

Sections 4 and 22, as they appear in the statute-book, furnish one of the curiosities of legislation by fixing the marshal's first term of office at two years from the date of his appointment by the governor, followed by a distinct direction that an election shall be held twenty-six days after the law creating the office took effect at which his successor shall be chosen.

It is permissible to substitute "or" for "and," and *vice versa*, to render legislative acts intelligible and

effective. In Sutherland on Statutory Construction, section 252, it is said:

"The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context."

To the same effect, see *United States v. Fish*, 3 Wall. 445, 18 L. Ed. 243.

Where the provisions of a statute are apparently in conflict, it is our duty to adopt such construction as will give to each section force and effect, and attribute a meaning to the language used in different parts of a law as will best promote the harmonious operation of the whole. We conclude, therefore, that the law-making power intended, when it created the Atchison city court, that a marshal should be appointed by the governor to hold such office until the election of city officers in the spring of 1899, his tenure terminating upon the qualification of a successor elected at that time; and that vacancies occurring in the office after said election shall be filled by the governor's appointment until the next election for city officers occurring more than thirty days after such time. Under this view, the appointive term of the plaintiff in error expired upon the election and qualification of the defendant in error, Flynn, and the latter is entitled to hold the office for two years from that time.

The judgment will be affirmed.