## OKLAHOMA NAT. LIFE INS. CO. v. NORTON.

No. 6396.   Opinion Filed January 12, 1915.

Rehearing Denied January 30, 1915.

(145 Pac. 1138.)

1.  **INSURANCE—Policy—Liability of Insurer.**   Where a provision of an accident insurance policy provided that in the event of the death of the insured by bodily injury effected exclusively by external, violent, or accidental means, resulting in death within a given time, and the insured was killed by gunshot wounds inflicted by another, the insurer is liable to the beneficiary to the extent named in the particular provision of the policy, without regard to whether such fatal injury be deemed accidental or not; the character of the bodily injuries covered by the policy being in the disjunctive.

2.  **SAME—Accident Policy—Construction—Liability of Insurer.**   Where a different and disconnected provision of the policy creates a liability only where death was caused within a fixed time by bodily injury effected exclusively by external, violent and accidental means, while riding in or on any vehicle, or public or private conveyance, and where a lesser sum was payable, the provision of the policy named in the former paragraph remains unaffected by the conjunctive features of the latter, creating liability only when the injury was by external, violent and accidental means.

3.  **SAME—Policy—Construction—"Or"—"And."**   As used in the policy of insurance, the words "or" and "and" cannot be treated as interchangeable, so as to create a liability only where death was the result of external and violent means, but accidental as well.   The character of the injuries named in the policy being in the disjunctive, it is sufficient that death result from external and violent means alone

4.  **SAME—Accident Policy—Construction.**   As used in the policy of insurance, there is nothing in the context rendering dubious the use of the conjunction "or."   Hence the conjunctive particle "and" cannot be substituted in its stead.

5.  **SAME.**   If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured.

(Syllabus by Sharp, C.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by Mary C. Norton against the Oklahoma National Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*Welborne & Durbin,* for defendant in error.

Opinion by SHARP, C. On February 10, 1910, the Oklahoma National Life Insurance Company issued to George Daniel Norton its policy of insurance, payable, at his death, to his wife, Mary C. Norton, according to the conditions named in the policy. The part of the policy pertinent to the issues presented is as follows:

"The Oklahoma National Life Insurance Company, a stock company, of Oklahoma City, U. S. A., will pay ($5,000.00) five thousand dollars, to Mary C. Norton, wife of the insured (the beneficiary hereunder), at its home office in Oklahoma City, U. S. A., immediately upon receipt of due proof of the death of George Daniel Norton (the insured hereunder), if such death occur during the continuance of this contract.

"Or, in the event of the death of the insured by bodily injury effected exclusively by external, violent, or accidental means, and occurring within ninety days after such injury, the amount payable hereunder, as above, shall be ($10,000.00) ten thousand dollars.

"Or, in the event of the death of the beneficiary, first above named, the same being caused by bodily injury effected exclusively by external, violent, and accidental means while riding in or on any vehicle, or public or private conveyance, and occurring within ninety days after such injury, the company will pay to the insured hereunder ($5,000.00) five thousand dollars immediately upon receipt of due proofs of the death of said beneficiary, in the manner designated."

On August 18, 1913, the insured sustained a bodily injury effected exclusively by external and violent means, said injury being a gunshot wound inflicted by another, and from which bodily injury the insured immediately died. On the day following the burial of the insured, the insurer paid the beneficiary under the policy the sum of $5,087.55, in full settlement and sat-

isfaction of the policy. Thereafter the present action was brought to recover on the double indemnity provision of the policy, and at the trial plaintiff obtained judgment in the sum of $5,150.

But two errors are urged in the brief of counsel for plaintiff in error: (1) That, the death of the insured not resulting from accidental means, under the terms of the policy the insurer was not liable for any sum other than that already paid and upon which the settlement was based; (2) that the court erred in not construing the double indemnity provision of the policy, fixing the increased liability of the company, in the event of the death of the insured by bodily injury " effected exclusively by external, violent, *or* accidental means," to read "effected exclusively by external, violent, *and* accidental means." The former assignment of error is dependent upon the latter, and, in view of oor conclusion, the latter alone need be considered.

It is conceded that the insured met his death in the manner already indicated; hence that it was effected by violent means. If the disjunctive conjunction "or" is to be given its common meaning, there can be no question of plaintiff's right of recovery, for it is only by the substitution of the word "and" for "or" that the insurer can hope to avoid liability. Under the evidence, even were the substitution permitted, we are not prepared to say that a recovery could be defeated, though we are not to be understood as determining this question. It is true that the word "or" is sometimes made to signify "and," when it appears to be consistent with the meaning employed by the context, and in order to carry out the manifest intent of the contracting parties, but not where such interpretation would be inconsistent with any intent which can be reasonably gathered from the connection in which the word is used, from the whole undertaking or from the light of surrounding circumstances. The words are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious. *Witherspoon v. Jernigan*, 97 Tex. 98, 76

.S. W. 445. Ordinarily, the words "and" and "or" are in no sense convertible terms, but, upon the contrary, .are used in the structure of language for purposes entirely variant. *Robinson v. Southern Pac. Ry. Co.,* 105 Cal. 526, 38 Pac. 94, 722, 28 L. R. A. 773; *City of Corona v. Merriam et al.,* 20 Cal. App. 231, 128 Pac. 769; *State v. Beaucleigh,* 92 Mo. 490, 4 S. W. 666; *Starr v. Flynn,* 62 Kan. 845, 62 Pac. 659; *Kennedy v. Haskell,* 67 Kan. 612, 73 Pac. 913; *McGraw v. Davenport et ux.,* 6 Port. (Ala.) 319, 332; *Ayers v. Chicago Title & T. Co.,* 187 Ill. 42, 56, 58 N. E. 318.

In *State ex rel. Caldwell v. Hooker,* 22 Okla. 712, 98 Pac. 964, recognizing this rule, it was said by this court, referring to the statute there under consideration:

"It must be assumed that the Legislature could not have intended to have produced an absurd or unreasonable result, or to express itself in terms which would defeat the very objects of the enactment; and, when such effect would follow a literal construction of the statute, the conjunctive particle may be read as disjunctive, or *vice versa,* on the theory that the word to be corrected was inserted by inadvertence or clerical error. While they are not treated as interchangeable, and should be followed when their accurate reading does not render their sense dubious, their strict meaning is more readily departed from than that of other words, and one may be read in place of the other to carry out the evident legislative intent.    Sutherland, Statutory Construction (Lewis, 2d Ed.) vol. 2, sec. 397; Black on Interpretation of Laws, p. 153; 6 Words & Phrases, 5003 *et seq.; Bryan v. Menefee,* 21 Okla. 1, 95 Pac. 472."

See, also, *Williams v. United States,* 17 Okla. 28, 87 Pac 647.

There is nothing in the context of the policy authorizing or warranting this court in changing the plain and unambiguous language employed by the insurer. The fact that under another provision of the policy the word "and" is employed, instead of the word "or," affords no reason for its use in the provision in question. The other provision is wholly separate and apart from that portion of the policy under which the liability in this case attached. There but a $5,000 recovery could be

had, and the bodily injury causing death must have been effected exclusively by external, violent, and accidental means, and sustained while the beneficiary, and not the insured, was riding in or on a vehicle, or public or private conveyance. As shown at the outset of this opinion, the two provisions of the policy pertain to different classes of injuries, sustained under dissimilar conditions, and are attended by different liabilities on the part of the insurer. If on account of the use of the word "and" in the latter provision we are to change the language of the policy in the former provision to read "and," we can see no good reason why with equal force, in another case, it might not be urged that in the second provision the word "and" be substituted by the use of the word "or." It is difficult to conceive of language less uncertain and clearer of but one construction than that employed. Having but one meaning, it is the plain duty of the court to give it force and effect. To hold otherwise would be, not to construe the language of the policy, but to change it. *United States v. Fisk,* 3 Wall. 445, 18 L. Ed. 243.

The argument of counsel for plaintiff in error, referring to the printed statements on the front and back pages of the policy, calling attention to the four special benefits, is entitled to little consideration, for the reason that in our opinion such statements form no part of the policy. Neither can they be used in construing the policy, for, as we have already seen, there is nothing to construe. If the terms of the policy are onerous, it was the fault only of the company which had prepared, adopted, and used the form. It must be, and is, charged with knowledge of the meaning of the language employed by it. However, even were we mistaken in our conclusion that the printed statements form no part of the policy, it would avail plaintiff in error nothing; for to give consideration to said printed statements would, at most, only tend to make doubtful when and in what event the insurer would be liable on the double indemnity provision of its policy. Where such is the case, and where the meaning of the policy of insurance is ambiguous, or where

the language employed may be fairly susceptible of different constructions, it will be most strictly construed against the insurer, and that construction adopted which is most favorable to the insured. *Taylor v. Ins. Co. of North America,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Capital Fire Ins. Co. v. Carroll,* 26 Okla. 286, 109 Pac. 535; *Southern Surety Co. v. Tyler & Simpson,* 30 Okla. 116, 120 Pac. 936; *Standard Accident Ins. o. v. Hite, Adm'r,* 37 Okla. 305, 132 Pac. 333, 46 L. R. A. (N. S.) 986; *Union Accident Co. v. Willis, ante,* 145 Pac. 812.

The death of the insured having been effected exclusively by violent and external means, and occurring within 90 days from the time the fatal injury was received, and the provisions of the policy with regard to the character of the injuries covered by it being clearly in the disjunctive, it is unnecessary to determine whether his death was also accidental within the meaning of the policy.

The foregoing settles the only issues presented here.

For the reasons indicated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.