Dear Representative Peters,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. When a petitioner requests assistance with preparing a petition for a protective order under the Protection from Domestic Abuse Act and other relevant Oklahoma law, who bears the responsibility for assisting the petitioner with the petition?
 2. In jurisdictions in which a victim witness coordinator is located within the district attorney's office, does that jurisdiction's district attorney's office bear the responsibility for assisting the petitioner with the petition?
 3. To what extent is the entity which bears the responsibility to assist the petitioner with the protective order petition required to assist the petitioner?
 Introduction
¶ 1 In 1982, the Oklahoma Legislature enacted the Protection from Domestic Abuse Act ("Act"). 1982 Okla. Sess. Laws ch. 255, § 1 (codified as amended at 22 O.S. 2001 Supp. 2003, §§ 60.1-60.16). One purpose of the Act is to provide "[a] victim of domestic abuse, a victim of stalking, a victim of harassment, a victim of rape, any adult or emancipated minor household member on behalf of any other family or household member who is a minor or incompetent, or any minor age sixteen (16) or seventeen (17) years," an opportunity to file a petition for an emergency ex parte protective order from the district court. 22 O.S. Supp.2003, § 60.2[22-60.2](A). A standard form for completing the petition for a protective order was initially developed and made a part of the statute. See 1982 Okla. Sess. Laws ch. 255, § 3(B). That form was to be provided by the court clerk. Id. The Act was amended in 2003 to delete the requirement that the statutory standardized form be used, providing instead that the Administrative Office of the Courts develop a standard form for the petition of an emergency ex parte protective order. See 2003 Okla. Sess. Laws ch. 407, § 2(B) (amending 22 O.S. 2001, § 60.2[22-60.2](B)). The form is still to be provided by the court clerk. Id.
¶ 2 The Act provides that if the court finds sufficient grounds within the scope of the Act stated in the petition, "the court shall hold an ex parte hearing on the same day the petition is filed." 22 O.S. Supp. 2003, § 60.3[22-60.3](A). For "good cause shown at the hearing," the court is authorized to issue any emergency ex parte order to protect the victim from "immediate and present danger of domestic abuse, stalking, or harassment." Id. The emergency ex parte order is to remain in effect until a full hearing is conducted. Id.
¶ 3 Originally the statute governing who was required to assist the person seeking relief, also referred to as the plaintiff or petitioner, in preparing the petition for a protective order provided:
 D. The plaintiff shall prepare the petition as set forth above or, at the request of the plaintiff, the clerk of the court or the victim-witness coordinator shall prepare or assist the plaintiff in preparing the same.
1982 Okla. Sess. Laws ch. 255, § 3.
¶ 4 The statute was amended during the 2003 First Regular Session of the Oklahoma Legislature and the section regarding preparation of the petition now reads:
 D. The person seeking relief shall prepare the petition or, at the request of the plaintiff, the court clerk or the victim-witness coordinator, victim support person,[1] and court case manager shall prepare or assist the plaintiff in preparing the petition.
22 O.S. Supp. 2003, § 60.2[22-60.2] (footnote added).
 I.
¶ 5 You first ask who bears the responsibility for assisting the person seeking relief with preparing the petition. The amended statute references four persons who may prepare the petition, or assist the petitioner in preparing the petition. The four persons required to assist, at the petitioner's request, are: (1) the court clerk, (2) the victim-witness coordinator, (3) the victim support person, and (4) the court case manager. Id.
The statute provides that they shall prepare, or assist the person seeking relief in preparing, the petition at the request of the plaintiff. Id. The language "at the request of the plaintiff," shows that it is the plaintiff's prerogative whom he or she chooses to ask for assistance in preparing the petition.Id. No one person bears more responsibility for preparing or assisting than any other.
¶ 6 The Legislature used the terms "or" and "and" in listing the four persons. The first two persons, the court clerk and the victim-witness coordinator, are separated by the word "or." The other two persons, the victim support person and the court case manager, are separated by a comma and the word "and." The courts have recognized the ambiguities that may arise from the use of "and" when "or" is meant, or vice versa. The Oklahoma Supreme Court set forth the appropriate rule of construction in OklahomaNational Life Insurance Co. v. Norton, 145 P. 1138, 1139
(Okla. 1915), as follows:
 It must be assumed that the Legislature could not have intended to have produced an absurd or unreasonable result, or to express itself in terms which would defeat the very objects of the enactment; and, when such effect would follow a literal construction of the statute, the conjunctive particle may be read as disjunctive, or vice versa, on the theory that the word to be corrected was inserted by inadvertence or clerical error. While they are not treated as interchangeable, and should be followed when their accurate reading does not render their sense dubious, their strict meaning is more readily departed from than that of other words, and one may be read in place of the other to carry out the evident legislative intent.
Id. (quoting State ex rel. Caldwell v. Hooker, 98 P. 964,971 (Okla. 1908)).
¶ 7 The ambiguity here is created by the use of the word "or" separating the court clerk and the victim-witness coordinator, followed by the victim support person, and the use of the word "and" separating the victim support person from the court case manager. 22 O.S. Supp. 2003, § 60.2[22-60.2](D). Reading the word "and" in the conjunctive, the court case manager would be required to assist the petitioner in preparing the petition in every situation, regardless of whom the petitioner chose to assist him or her. Another possible interpretation would be that the petitioner could request either the court clerk or the victim-witness coordinator, or the petitioner could request the victim support person and the court case manager, requiring that the court case manager assist in every situation in which the victim support person assists. Neither of these interpretations fulfills the intent of the Legislature.
¶ 8 The goal is to carry out the legislative intent, and when the section is read as a whole the intent of the Legislature is that the petitioner may seek assistance from one of four persons in preparing the petition. Id. The word "and" in this statute completes the list of the four persons the petitioner may choose to assist him or her. The overriding intent as evidenced by the use of the phrase "at the request of the plaintiff," is that it is the petitioner's choice from whom he or she seeks assistance in preparing the petition, and the petitioner may choose from the list of four persons to assist him or her. Id.
 II.
¶ 9 You next ask whether in jurisdictions in which a victim-witness coordinator is located within the district attorney's office, that office bears the responsibility for assisting the petitioner with the petition. The victim-witness coordinator is a support person in the Office of the District Attorney whose responsibilities include informing the victims and witnesses of crimes of a number of enumerated rights. 19 O.S.2001, § 215.31[19-215.31](B); 19 O.S. Supp. 2003, § 215.33[19-215.33]
(B)-(D). Pursuant to 22 O.S. Supp. 2003, § 60.2[22-60.2](D), the victim-witness coordinator is one of the four persons from whom the petitioner may request assistance. Under the terms of the statute, if the plaintiff requests the assistance of the victim-witness coordinator the coordinator is required to assist, but the district attorney's office bears no greater responsibility than the other three persons from whom the petitioner may seek assistance with preparation of the petition.
 III.
¶ 10 In your last question you ask to what extent one may assist a petitioner in completing the petition. The statutory language, "prepare or assist the plaintiff in preparing the petition," makes it clear that the assistance involved is limited to assistance in the actual preparation of the petition.[2]22 O.S. Supp. 2003, § 60.2[22-60.2](D). The assistance contemplated under this statute does not extend to accompanying the victim to court or offering legal advice.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A petitioner seeking protection from domestic abuse may request assistance from one of four persons in preparing the petition or assisting in preparing the petition. 22 O.S. Supp. 2003, § 60.2(D). Those four persons are (1) the court clerk, (2) the victim-witness coordinator, (3) a victim support person, and (4) a court case manager. Id.
 2. If the petitioner chooses to request the assistance of the victim-witness coordinator in preparing the petition or assisting in preparing the petition, the victim-witness coordinator is required to assist. The district attorney's office bears no greater responsibility for assisting than the other three persons from whom the petitioner may seek assistance. 22 O.S. Supp. 2003, § 60.2(D).
 3. Title 22 O.S. Supp. 2003, § 60.2(D), requires court clerks, victim-witnesses coordinators, victim support persons and court case managers, at the request of the petitioner, to prepare or assist in preparing a petition for protection from domestic abuse. These persons are responsible under the terms of this statute only for assisting in the actual preparation of the petition, not in providing legal advice or in attending court proceedings.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] A "[v]ictim support person" is defined as "a person affiliated with a certified domestic violence or sexual assault program, certified by the Department of Mental Health and Substance Abuse Services or certified by a recognized Native American Tribe if operating mainly within tribal lands, who provides support and assistance for a person who files a petition under the Protection from Domestic Violence Act[.]" 22 O.S.Supp. 2003, § 60.1[22-60.1](8).
[2] A specific provision in the Act allows for services to be performed by a victim support person in addition to assistance in preparing the petition. Title 22 O.S. Supp. 2003, § 60.4[22-60.4](K) provides, "[t]he court may allow a plaintiff or victim to be accompanied by a victim support person at court proceedings. A victim support person shall not make legal arguments, however, a victim support person who is not a licensed attorney may offer the plaintiff or victim comfort or support and may remain in close proximity to the plaintiff or victim." This statutory provision is in addition to the provision regarding assisting the petitioner in preparing the petition for a protective order.