## *In re* ESTATE OF MARTIN KINGMAN.

*Opinion filed February 21, 1906—Rehearing denied April 13, 1906.*

1. INHERITANCE TAX—*when an estate is immediately taxable.* Where a will creates a trust estate for a period of ten years, after which time the estate is to be divided, one-third to the wife to be hers absolutely, and the remaining two-thirds to the children of the testator in equal parts, to them and their heirs forever, the remainders are taxable immediately upon the death of the testator, and appraisement should not be postponed until after the expiration of the trust estate.

2. SAME—*when value of life estate should not be deducted.* In fixing an inheritance tax under the Illinois statute the value of the life estate is to be deducted from the remainder, and the tax computed on the balance, only when the remainder goes to collateral heirs, to a stranger to the blood or to a body corporate or politic.

CARTWRIGHT, C. J., and BOGGS, J., dissenting.

APPEAL from the County Court of Peoria county; the Hon. W. I. SLEMMONS, Judge, presiding.

Martin Kingman departed this life, testate, December 19, 1904, leaving surviving him a widow, one daughter and two sons. The two sons, together with Gustavus H. Schimpff,

were appointed as executors and trustees of the will, and subsequently qualified as such. The will made several specific bequests, and the sixteenth clause provided as follows:

"It is my will that all of the foregoing legacies and bequests, as far as possible, be paid out of the money collected upon my life insurance policies, if there be so much due me on them at my death; if not, then out of my estate; and all the rest, residue and remainder of my estate, of every nature, kind and character, I hereby will, devise and bequeath to my executors and trustees, to be held by them in trust and intact, and that the business of Kingman & Co., and branch houses and other corporations therewith connected, Kingman Plow Company, Illinois National Bank and Peoria Cordage Company, if they have not otherwise been disposed of at my death, shall be continued, as nearly as possible, along the lines on which they have been conducted, unless by unanimous consent of my trustees it is determined that any one or all of said corporations be disposed of, said trustees can do so if it is a unanimous agreement on their part, but not otherwise; but it is my desire that the estate shall be continued as a whole for the period of ten years, whereupon all of said estate shall be divided, one-third of which is to be paid to my wife, to be hers absolutely and forever, and two-ninths of which shall then become the property of each of my three children and their several heirs, first reserving a sufficient sum to carry out said bequests that may not have matured."

An appraiser of the estate was appointed by the county judge of Peoria county. He reported the total value of the estate to be $1,572,623.62 and the indebtedness $80,281.72, leaving a net value of $1,492,341.90. He also found the specific legacies and bequests to be $195,632.50, leaving the sum of $1,296,709.40 as the value of the residuary estate, and that under the provisions of paragraph 16 of the will, Emeline Kingman, the widow, was liable to an inheritance tax of $4322.36, and W. B. Kingman, a son, L. S. Kingman, a son, and Mabel McClure, a daughter, were each

liable to an inheritance tax of $2881.57. The report was approved by the county judge, and on appeal to the county court the same was confirmed. A further appeal has been prosecuted to this court.

ARTHUR KEITHLEY, for appellants.

W. H. STEAD, Attorney General, and ROBERT SCHOLES, State's Attorney, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first contended by appellants, as a ground of reversal, that as the terms of the will prevent the residuary estate from vesting in possession of the beneficiaries for the period of ten years, therefore the inheritance tax should not be imposed until the estate comes into their actual possession.

Section 1 of the Inheritance Tax law (Hurd's Stat. 1903, p. 1576,) provides that all property which shall pass by will from any person who may die seized or possessed of the same, shall be and is subject to a tax at a rate thereinafter specified, and all heirs, legatees, devisees, administrators, executors and trustees are made liable for any and all such tax until the same shall have been paid. If this were the only section of the statute governing an inheritance tax, the property disposed of by the will under consideration would clearly be subject to the tax. Section 2 of the act makes an exception in case of property descending under certain conditions. It provides (Hurd's Stat. 1903, p. 1577) : "When any person shall bequeath or devise any property or interest therein or income therefrom to mother, father, husband, wife, brother and sister, the widow of the son or a lineal descendant during the life or for a term of years or remainder to the collateral heir of the decedent, or to the stranger in blood, or to the body politic or corporate at their decease, or on the expiration of such term, the said life estate or estates for a term of years shall not be subject to

any tax and the property so passing shall be appraised immediately after the death at what was the fair market value thereof at the time of the death of the decedent in the manner hereinafter provided, and after deducting therefrom the value of said life estate, or term of years, the tax transcribed by this act on the remainder shall be immediately due and payable to the treasurer of the proper county, and, together with the interest thereon, shall be and remain a lien on said property until the same is paid," etc.

The only effect of section 2 is to exempt certain life estates or estates for years from taxation, but it expressly provides for the levy of a tax upon the remainders depending on such life estates or estates for years, and that the tax on such remainders shall be immediately due and payable and shall be a lien upon the property until the same is paid. There are no other exceptions and no other provisions postponing the payment except those contained in section 2. Section 3 of the same act makes all taxes imposed payable at the death of the deceased unless otherwise therein specified, referring to the exceptions in section 2. From the above sections, and also from the language of sections 4, 5 and 22, it seems to have been the intention of the legislature that all estates subject to taxation under the act shall be appraised and valued, and the taxes thereon fixed promptly upon the death of the testator or within a reasonable time thereafter.

Section 16 of the will in question, after creating a trust estate for a period of ten years, provides that all of said estate shall be divided, one-third to the wife, to be hers absolutely and forever, and two-ninths to become the property of each of the three children and their heirs forever. There is nothing indefinite as to the quality of the remainder of the estate devised. It goes, with the increase, if any, of the ten-year period, to the heirs as their individual and separate property, and therefore becomes vested in them absolutely and without conditions or contingencies. All of the persons named as remainder-men are the lineal descendants of the

testator.   None of them are collateral heirs or strangers to the blood, or a body politic or corporate.   The exception as provided in section 2 does not apply to any of the persons named in the sixteenth paragraph of the will, and we are therefore of the opinion that the estate was immediately taxable under section 1, as found by the county court.

This view is in accordance with the cases of *Ayers* v. *Chicago Title and Trust Co.* 187 Ill. 42, and *People* v. *Mc-Cormick,* 208 id. 437.   In the latter case, on page 445, we said: "An ordinary vested remainder, not subject to any condition or contingency, as where the property is given to A for life with remainder to B, is, under the statute, immediately taxable as the property of B upon the death of the testator, because there the estate is immediately vested in interest in the remainder-man, his heirs and assigns.   Nothing can defeat it.   B's right is absolute; his deed will transfer the property; an execution against him and sale thereunder will convey it; his death cannot affect it; he is beneficially entitled to it 'in expectation.'   This term 'expectation,' as used in our statute, has reference only to possession.   The language is, 'by reason whereof any person * * * shall become beneficially entitled, in possession or expectation, to any property or income thereof.'   The term 'expectation' is used, not to denote an expectation of becoming vested both with the title and the possession where neither is now vested, but to denote a condition where the title is vested and the possession is deferred.   The term 'in expectation' is used in contradistinction to 'in possession.'   Both contemplate a title vested and indefeasible, but in one instance the right of enjoyment is immediate—'in possession;' in the other it is postponed—'in expectation.'   As used in this statute, these words last quoted refer to the future possession of an estate now vested and which is subject to the immediate enjoyment of another."

Several New York and Pennsylvania cases have been cited by appellants in support of their contention, but the

question as to when this estate became taxable depends entirely upon the provisions of the statute of this State, which differs very materially from the statute of either of the States referred to. In the *Ayers case, supra,* on page 60, we said: "We do not deem it necessary to review the New York decisions referred to by counsel for appellees. A careful examination of those decisions and of the inheritance laws of New York will show differences which make them inapplicable, for the most part, to cases arising under the statute of this State. One of the main differences between the Illinois act and the New York act is, that the former taxes all successions except the life estates and terms for years mentioned in section 2 above quoted, while the latter taxes only successions to collaterals or strangers in blood."

It is next contended that the value of the estate for years should have been deducted from the value of the remainder and the tax extended on the balance only. Section 1 of the act is the taxing section and provides for no deductions. The only provision for deductions is in section 2, and that only where the remainder goes to the collateral heirs, to a stranger to the blood or to a body politic or corporate, in which case the value of the preceding estate is first to be deducted and the tax extended on the remainder only. In the case at bar, at the expiration of ten years all of the estate is to be divided between the wife and children. The remainder does not descend to any of the classes mentioned in section 2, and hence the county court committed no error in refusing to deduct the value of the intermediate estate.

It is next urged that the county court erred in refusing to allow appellants to file a bond for the payment of the tax, as provided in section 2. Our attention is called to the fact that this point was not raised in the court below. We have searched the record diligently for any evidence of the refusal of the county court to permit appellants to file a bond, and can find nothing to show that such permission was even asked. It certainly cannot be seriously contended that error

can be assigned and urged upon a ruling which the court below was not asked to make.

We find no reversible error, and the judgment of the county court will be affirmed.         *Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS, J., dissenting.