THE PEOPLE *ex rel.* John E. George, County Treasurer, Appellant, *vs.* J. N. NELMS, Admr., Appellee.

*Opinion filed October 26, 1909.*

1. INHERITANCE TAX—*section 2 of Inheritance Tax act does not exempt remainders after life estates.* Section 2 of the Inheritance Tax act is not intended to exempt remainders after life estates, but only certain life estates as specifically provided in that section.

2. SAME—*what is the "beneficial interest" of a child in real estate.* Under section 1 of the Inheritance Tax act, where a person dies intestate, leaving a widow and one child, the "beneficial in-terest" of the child in the real estate is the value of such real es-tate after deducting the cash value of the widow's dower therein. (*In re Estate of Kingman*, 220 Ill. 563, explained.)

3. SAME—*person should be taxed only on the beneficial inter-est he receives.* The intention of the legislature, as evidenced by sections 1 and 2 of the Inheritance Tax act, is that a person shall be taxed only on the beneficial interest which he receives.

APPEAL from the County Court of Christian county; the Hon. J. H. MORGAN, Judge, presiding.

ARTHUR YOCKEY, State's Attorney, (LESLIE J. TAY-LOR, and JAMES M. TAYLOR, of counsel,) for appellant:

No deductions can be made for the intermediate estate of the widow in the total appraised value of the realty tax-

able under the law, in fixing the amount of the inheritance tax to be assessed against the lineal heir. *In re Estate of Kingman,* 220 Ill. 563; Hurd's Stat. chap. 120, sec. 366.

Under the law there can be no deductions made for a life estate or any intermediate estate, except where the remainder goes to the collateral heirs, to a stranger to the blood or to a body politic or corporate, in which case the value of the preceding estate is first to be deducted and the tax extended on the remainder, only. *In re Estate of Kingman,* 220 Ill. 563.

The clause in section 1 of the Inheritance Tax act, "or remainder to the collateral heir," etc., should be read "and remainder," etc. *Billings* v. *People,* 189 Ill. 472; *Ayers* v. *Title and Trust Co.* 187 id. 42.

JAMES H. FORRESTER, (W. H. NELMS, of counsel,) for appellee:

Upon the death of a person intestate, leaving a widow and a sole lineal heir him surviving, in fixing the amount of the inheritance tax to be paid by the widow there is no exemption from the tax in favor of the widow, for the intermediate life estate of the widow, by virtue of her right of dower, but instead the same is immediately chargeable as taxable property against the widow upon the death of the decedent. *Billings* v. *People,* 189 Ill. 472; *Ayers* v. *Title and Trust Co.* 187 id. 42.

Upon the death of a person intestate, leaving him surviving a widow and a sole lineal heir, in fixing the amount of the inheritance tax to be assessed against the lineal heir a deduction should be made of the cash value of the life estate of the widow, taken by her by virtue of her right of dower, from the total appraised value of all the realty of which the decedent died seized. *Billings* v. *People,* 189 Ill. 472; *Ayers* v. *Title and Trust Co.* 187 id. 42; *In re Estate of Kingman,* 220 id. 563.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from the judgment of the county court of Christian county fixing the inheritance tax on the beneficial interest received by Lillian E. Barnes from the estate of her father, William E. Barnes. The latter died intestate October 1, 1907, leaving him surviving his widow, Beulah May Barnes, and one child, the said Lillian E. The personal property was valued at $21,450.38 and the real estate at $29,303. The cash value of the widow's dower in said real estate was fixed at $6648.85. The only question involved in this appeal is whether the cash value of the widow's dower should have been deducted from the beneficial interest of the daughter in the real estate in fixing her inheritance tax. The county court deducted the amount. From that judgment this appeal was perfected.

Under section 1 of the Inheritance Tax law (Hurd's Stat. 1908, p. 1819,) it is provided that when the beneficial interest to any property or income therefrom shall pass by will or by the intestate laws of this State to or for the use of any child of the testator or intestate such interest shall be subject to the tax. What is the beneficial interest received by the daughter? This court has held in *Billings* v. *People,* 189 Ill. 472, that the dower interest of the widow is subject to the tax. Beyond question the beneficial interest that the daughter receives in the real estate left by her father is the value of such real estate after deducting the cash value of the widow's dower.

It is earnestly argued that this court held in *In re Estate of Kingman,* 220 Ill. 563, that such dower interest should not be deducted in fixing and taxing the value of the remainder that is to go to the daughter. The estate in that case was for years and not for life, and while there are some expressions in the opinion that tend to support appellant's argument in this regard, the question here under discussion was not involved or decided in that case. Sec-

tion 2 of the Inheritance Tax law is not intended to exempt remainders after the life estate, but only certain life estates as specifically provided in that section. It is, however, provided in that section that the person who receives the remainder after such life estate shall not be compelled to pay the tax immediately, if he desires to give a bond that the tax will be paid when he comes into actual possession of the property. In *Ayers* v. *Chicago Title and Trust Co.* 187 Ill. 42, this court, in discussing the meaning of section 2, said (p. 54): "We hold that the right to succession, under a will, to an estate in remainder is liable to be taxed, the valuation to be made as of the date of the death of the testator, and the value to be taken of the estate of the decedent less the value of the life estate, and where the remainder-men do not or cannot make an election, as provided by section 2, the tax must be paid in accordance with the provisions of that section. We further hold that where, as under the provisions of the will in this case, there is no provision for the remainder going to collateral relatives   *   *   *   there is no one to make an election and the tax on the remainder becomes due."

Obviously, under sections 1 and 2 of the Inheritance Tax law as construed by this court in the cases heretofore cited, the legislature intended that a person should be taxed only on the beneficial interest that he receives. The only beneficial interest in the real estate that passed to the daughter in this case from her father's estate was the value of this real estate less the value of the dower interest of the mother. The county court decided rightly in deducting the cash value of said dower when fixing the beneficial interest received by and taxed against the daughter.

The judgment of the county court will be affirmed.

*Judgment affirmed.*