## CROMPTON & KNOWLES LOOM WORKS v. STAFFORD CO.

(District Court, D. Massachusetts. June 25, 1913.)

No. 145, Equity. (C. C. 653.)

1. PATENTS (§ 328\*)—NOVELTY—WEFT REPLENISHING MECHANISM FOR LOOMS.
   The Smith patent, No. 692,935, for weft replenishing mechanism for looms, claims 13 and 14 *held* void for lack of patentable novelty in view of the prior Northrop patent, No. 600,016.

2. PATENTS (§ 102\*)—LIMITATION—OATH TO APPLICATION.
   On a fair construction, the language of the oath required of an inventor to his application applies to what is described as his invention, and also to what is claimed, and is not limited merely to what is both described and claimed.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 142; Dec. Dig. § 102.\*]

In Equity. Suit by the Crompton & Knowles Loom Works against the Stafford Company. On final hearing. Decree for defendant.

[1] NOTE.—For the sake of brevity, reference on this point may be had to complainant's brief, pages 19, 20, and 21.

Fish, Richardson, Herrick & Neave, of Boston, Mass., for complainant.

William A. Copeland, of Boston, Mass., and Wilmarth H. Thurston, of Providence, R. I., for defendant.

BROWN, District Judge. [1] The bill charges infringement of letters patent to Harry W. Smith, No. 692,935, February 11, 1902, for Weft Replenishing Mechanism for looms. Claims 13 and 14 are in issue:

"13. In a loom the following instrumentalities: a filling-changing mechanism, a lay, a detecting mechanism including two feeler-fingers adapted to enter the shuttle and feel for the filling, and mechanical means under control of said feeler-fingers for operating the filling-changing mechanism to supply fresh filling when that in the shuttle has become nearly exhausted.

"14. In a loom the following instrumentalities: a filling-changing mechanism, a lay, a detecting mechanism including two independently-movable feeler-fingers adapted to enter the shuttle and feel for the filling, and mechanical means under control of said feeler-fingers for operating the filling-changing mechanism to supply fresh filling when that in the shuttle has become nearly exhausted."

The questions in the case relate principally to the element described in claim 14, as—

"a detecting-mechanism including two independently-movable feeler-fingers adapted to enter the shuttle and feel for the filling." ·

The complainant's brief says:

"The feeler may be defined generically as a device which is positioned by the weft on the bobbin as the lay swings forward, and which therefore assumes a series of different positions as the weft diminishes, until finally it reaches a critical position when the weft has been diminished to a predetermined point, thereby causing the replenishing of the filling before exhaustion."

The detecting mechanism of the Smith patent in suit has two fingers adapted to enter the shuttle, both of which seem to be designed to come in contact with the filling upon the bobbin. One of these fingers is in the strictest sense a feeler-finger, which assumes different positions according to the reduction of thread on the bobbin, and assumes a critical position when the thread is nearly exhausted and a new supply is required. The other finger is not, in the same sense, a feeler-finger, since in the final movements preceding its action it contacts with the base of the carrier and does not continue to assume different positions as the weft diminishes, as does the feeler-finger proper. It is rather an actuating finger, whose action is timed to follow attainment of the critical position by the feeler-finger proper.

The combination in a detecting mechanism of two fingers, one a feeler-finger and the other an actuating finger, was old, as shown in the patent to Northrop No. 600,016, March 1, 1898. Northrop's actuating finger does not come in contact with the filling, and in this respect the defendant's actuating finger, which contacts with the head of the bobbin, is like Northrop's and unlike Smith's.

The defendant takes the ground that the claims are limited to a device having two feeler-fingers which feel for the filling, and there is some justification for such a construction in various expressions in

the specification; but the specification also alludes to the fact that when the filling is practically exhausted the feeler *e*, which is the actuating feeler, will contact with the base of the carrier or bobbin. This occurs just before the filling mechanism is operated.

It seems quite clear that with Northrop, with Smith and with the defendant the detecting mechanism comprises one feeler-finger, properly so called, and one actuating finger, and that the general principle of operation is the same in each. The fact that the actuating finger of Smith comes in contact with the filling at the earlier part of its operation is a somewhat confusing feature. It serves as a basis of verbal distinction from Northrop, who has but one feeler-finger that contacts with the filling, but this distinction seems unimportant and of no value to the complainant, since the defendant has but one feeler-finger that contacts with the filling.

The complainant suggests that the claims are capable of a construction which is satisfied if one of the fingers enters the shuttle and feels for the filling, but a reference to the specification, I think, makes it clear that both fingers are to enter the shuttle and also come in contact with the filling at some part, at least, of the operation. It does not appear, however, that the weft-feeling function of the actuating finger is of any practical importance. On the contrary, it would seem to introduce a factor of uncertainty in the positioning of the actuating finger rather than any advantage.

If we are to disregard as immaterial the contact of Smith's actuating finger with the filling, we must then construe the claims as calling for one feeler-finger adapted to enter the shuttle and feel for the filling, and one finger adapted merely to enter the shuttle. Without a statement of what this finger is to do when it enters the shuttle the claim is indefinite.

If, however, we disregard all that is said in the claims and in the specification as to the second or actuating finger feeling for the filling, we find that both the defendant and Smith have two fingers adapted to enter the shuttle, in this respect differing from Northrop, whose feeler-finger, of course, enters the shuttle, but whose actuating finger makes contact with the shuttle body. Northrop speaks of—

"engagement of the stud $a^{13}$ with an unyielding object, as the shuttle-wall, thus obviating any possibility of improper operation which might occur were the movement dependent upon engagement of the feeler with the filling-carrier, as the latter might yield under the stress."

Considering the distinction between the Smith patent and the Northrop patent, that Smith has two fingers adapted to enter the shuttle, whereas Northrop has but one, we have to consider whether there is any substantial difference in principle or mode of operation of the actuating finger resulting from putting the "datum surface," as it is called, upon a part of the bobbin or carrier, as in Smith, instead of on the exterior wall of the shuttle as in Northrop.

It is contended by the complainant at considerable length that this is an improvement over Northrop since there is a considerable factor of uncertainty in the varying distances of the bobbin from the wall of the containing shuttle, and that this factor of uncertainty, due to

variations in distance between the bobbin and shuttle wall, is entirely removed in Smith's device, in which both the fingers contact with the bobbin. The difficulty with this contention is that it is not supported by anything pointed out in the specification; and is based entirely upon expert testimony that is disputed by other expert testimony. It is criticised by the defendant as a theoretical rather than a practical difference. There is no testimony that in actual operation the Smith device is superior to the Northrop device. There is testimony, however, that devices having differential fingers, one bearing upon the shuttle wall and the other upon the bobbin, have been manufactured in large quantities, and there is no evidence of any serious practical disadvantage in the use of a feeler mechanism in which one of the fingers employed contacts with the shuttle. There is not a word in the specification to indicate that Smith thought he had made any invention in this particular. So far as appears from the patent, the detecting mechanism was devised for the purpose of combination with a shifting shuttle box loom, rather than to make improvement in accuracy or delicacy, or in saving of thread.

The defendant's expert testifies that it makes no difference either as to function, mode of operation or result, whether the datum surface is the surface of a part of the spindle or bobbin carrying the filling, or the surface of a part of the shuttle carrying the spindle or bobbin, as for example the wall of the shuttle.

The second distinction between Smith and Northrop is that in Northrop the two fingers are rigidly connected and swing together on a pivot instead of being independent spring-pressed sliding fingers. In Northrop the actuating finger is shorter than the feeler-finger, and is adjustable in relation to the feeler-finger. When the two Northrop fingers first swing up together the shorter finger makes no contact. As the feeler-finger goes further into the shuttle the shorter finger approaches the shuttle wall, and finally when the feeler-finger goes in far enough the actuating finger brings up against the shuttle wall and subsequently is actuated and in turn actuates the filling mechanism.

It is not apparent how these preliminary or false movements of the Smith actuator are advantageous, and so far as I am able to understand the matter I agree with the defendant's expert that this is a merely formal difference introducing no new mode of operation.

A third point suggested is that in Northrop the feelers themselves have the work of pushing back the changing mechanism instead of merely removing a support for a latch. As Northrop discloses an actuating finger co-operating with the wall of the shuttle to actuate the changing mechanism, thus relieving the feeler-finger proper of that function, it seems doubtful if the criticism that the feelers themselves have the work of pushing back the changing mechanism is quite accurate or specific enough to show a patentable difference.

If we disregard, as a nonessential feature, the contact of the actuator of Smith with the thread, Smith is anticipated by Northrop as to the principle of operation; for the differential principle is, in my opinion, the same in Northrop and in Smith.

There is nothing in the patent to justify the contention that Smith

thought he had a more delicate or accurate mechanism, or that he sought to improve the art by providing a detector that was an improvement over other detectors in delicacy or accuracy or in saving of thread. As to this point the experts are in direct conflict, and the testimony that in Northrop's and in other practical devices the actuator contacts with the shuttle wall leaves the case on the whole preponderating in favor of the defendant upon the issue of patentable novelty in shifting the datum surface from the shuttle wall to that part of the bobbin covered by the thread.

Upon the whole case I am of the opinion that the detecting mechanism of the Smith patent is substantially that of Northrop in principle and mode of operation, and that the claims in suit point out no mechanical differences from Northrop that are substantial or patentable.

We may accept the defendant's statement that claims 13 and 14 are substantially for detecting mechanism. This mechanism seems to be so clearly described as a matter devised by the inventor that cases of the type of Steward v. American Lava Co., 215 U. S. 161, 168, 30 Sup. Ct. 46, 54 L. Ed. 139, and United Wireless Co. v. National Co., 198 Fed. 386, 117 C. C. A. 262, are not in point.

[2] By statute the inventor is required to make oath only to that for which he solicits a patent. The usual form of oath should not be construed as narrower than this unless a narrower construction is unavoidable. In many instances we give to the word "and" significance as a disjunctive. United States v. Fisk, 3 Wall. 445, 447, 18 L. Ed. 243; 2 Am. & Eng. Enc. of L. (2d Ed.) 333 et seq. Certainly as much liberality of construction should be given the oath intended merely to conform to the statute as to a statute. Upon a fair construction of the language of the inventor's oath it applies to what is described as his invention and also to what is claimed, and is not limited merely to what is both described and claimed.

I am therefore of the opinion that claims 13 and 14 are not invalid merely because of any defect of the oath, but are invalid for the reasons above stated.

The bill will be dismissed.