### CROMPTON & KNOWLES LOOM WORKS v. STAFFORD CO.

(Circuit Court of Appeals, First Circuit. November 24, 1914.)

#### No. 1041.

PATENTS (§ 328*)—ANTICIPATION—WEFT REPLENISHING MECHANISM FOR LOOMS.
    The Smith patent, No. 692,935, for a weft replenishing mechanism for looms, is void, as disclosing no new principle of operation or patentable improvement over the device of the Northrop patent, No. 600,016.

Appeal from the District Court of the United States for the District of Massachusetts; Arthur L. Brown, Judge.

Suit in equity by the Crompton & Knowles Loom Works against the Stafford Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 205 Fed. 925.

W. K. Richardson, of Boston, Mass. (J. L. Stackpole, of Boston, Mass., on the brief), for appellant.

Wilmarth H. Thurston, of Providence, R. I., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This bill charges infringement of claims 13 and 14 of letters patent No. 692,935, issued to Harry W. Smith on February 11, 1902, for a weft replenishing mechanism for looms. The claims in suit are as follows:

"13. In a loom the following instrumentalities: A filling-changing mechanism, a lay, a detecting mechanism, including two feeler-fingers adapted to enter the shuttle and feel for the filling, and mechanical means under control of said feeler-fingers for operating the filling-changing mechanism to supply fresh filling when that in the shuttle has become nearly exhausted.

"14. In a loom the following instrumentalities: A filling-changing mechanism, a lay, a detecting mechanism, including two independently-movable feeler-fingers adapted to enter the shuttle and feel for the filling, and mechanical means under control of said feeler-fingers for operating the filling-changing mechanism to supply fresh filling when that in the shuttle has become nearly exhausted."

The District Court dismissed the bill, with an opinion passed down on June 25, 1913, reported in 205 Fed. 925, on the ground that the claims in question were anticipated by a patent issued to one James H. Northrop on March 1, 1898, No. 600,016. Thereupon the complainant appealed to us.

The patented device is a detecting mechanism in a refined art, by which, through the operation of two fingers in connection with a bobbin, the fact may be shown in advance as the bobbin becomes nearly exhausted, so the same can be replaced seasonably by a full one. It will be seen by the claims in suit, and by the specification of the patent, that the fingers are independently movable, that both enter the shuttle, and that while one contacts with the filling on the bobbin, and as that becomes reduced in amount assumes a series of different positions, the other contacts with the base of the bobbin without being so changed in position. It is the change in relative position of the two fingers that finally, when the filling is nearly exhausted, releases the "filling-changing mechanism" which supplies fresh filling.

With Northrop, there was also a combination in a detecting mechanism of two fingers, one a feeler-finger and the other an actuating-finger —the latter, as in the patent, not contacting with the filling. It is true that the two fingers were not independently movable, but were parts or branches of a swinging-arm, the change in position whereof, due to the fact that the feeler-finger had to enter further and further into the shuttle before it could contact with the filling, finally set the "filling-changing mechanism" in operation. It is true also that, with Northrop, while one of the fingers contacted with the filling, the other contacted, not with the base of the bobbin, but with the shuttle-body. It is true also, as we have said, that the art involved is a refined one; but though the device of the patent is a mechanical improvement over Northrop, the most that can be said about it, as compared with Northrop's in the above respects, leaves us of the opinion that no new principle of operation and no new result of any kind is involved, but, at the most, only more or less skillful mechanical devices, such as are ordinarily regarded as indicating no patentable novelty.

The two feeler-fingers mentioned in each claim, whether "independently movable" or not, are to be "adapted to enter the shuttle and feel for the filling." But we find nothing new in "feeling for the filling," nor in the other instrumentalities included by the claims with the feeler-fingers. Entering the shuttle by both fingers is thus the only novelty claimed.

The argument of the appellant, that having entered the shuttle one finger contacts with the bobbin while the other feels for the thread, thereby assuring greater accuracy in operation than is possible where one finger contacts with the outside of the shuttle instead of the bobbin, lacks sufficient basis in anything set forth in the claims. There is nothing in either of them requiring either finger to contact with the bobbin (as between it and the filling upon it), nor does either claim necessarily involve such contact to justify calling either finger a "bobbin-feeler."

We therefore accept the conclusions of the learned judge of the District Court that the claims in suit point out no mechanical differences from Northrop that are substantial or patentable.

Claims 13 and 14 came into the patent in suit by amendment; and the respondent claims that the patent must be invalid because the amendment was made without any new oath in reference thereto. We do not find it necessary to investigate this question, or to express any opinion in reference to the proper answer to it.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.