## UNITED STATES *v.* FISK.

"Bankers" who sell the Federal securities no otherwise than for the United States and for themselves, and who, therefore, do not sell them for others or for a commission, are not liable to pay the duties imposed by the 99th section of the Internal Revenue Act, of June 30, 1864, imposed upon "brokers and *bankers doing business as brokers.*"

THE "Internal Revenue Act," of 30th June, 1864, "to provide ways and means for the support of government, and for other purposes," declares, by its 99th section, as follows:

" All brokers and *bankers doing business as brokers*, shall be subject to pay the following duties and rates of duty upon the sales of merchandise, produce, gold and silver bullion, foreign exchange, promissory notes, stocks, bonds, or other securities, and shall also be subject to all the provisions of the act for making returns, assessments, and collection of the duties."

The ninth paragraph of the 79th section of the same act says:

" *Brokers* shall pay $50 *for each license.* Every person, firm, or company (except such as hold a license as banker), whose business it is as a broker to *negotiate* purchases or sales of stocks, exchange, bullion, coined money, bank notes, promissory notes, or *other securities*, shall be regarded as a broker [and shall make oath or affirmation that all their transactions are made for a commission]. *provided* that any person holding a license as a banker shall not be required to take out a license as a broker."

On the 3d of March, 1865, Congress passed an act to amend the former act. The last act amends the former by inserting, after the words "*other securities*" (given above in italics), the words "for *themselves* or others;" and by striking out from the paragraph that part of it above included in brackets.

In this state of the statutes it was decided, in the preceding case of *United States* v. *Cutting*, that "brokers" were liable to pay the duties and rates of duty prescribed by

the 99th section of the act of 1864, whether the sales were made for themselves or for others.

In the present case a different question arose.

Fisk & Co. were *bankers*, doing a general business *as such*, making returns, and paying duties and taxes imposed by law upon their capital and deposits. As such they negotiated and *sold for the United States* large amounts of government securities. At the same time they bought and sold *government securities for themselves, and not for others or for a commission.*

The distinction, then, between the two cases was:

1. That, in the present case, the defendants were licensed as "bankers," and carried on the business of banking and nothing else, and did not act as "brokers;" while the defendants in the preceding case were licensed as "brokers," and did business as such, as well as on their own account.

2. That the sales by the defendants in this action, upon which the duty was sought to be recovered, were of government securities only, held and owned by them in their own right; while the sales by the defendants in the preceding case embraced other stocks, bonds, and securities, as well as government securities.

On a suit by the government against Fisk & Co., for duties on sales made by them, the question was, whether on these sales they were liable to pay the duties imposed by the 99th section upon "brokers, and *bankers doing business as brokers*," in *addition* to those imposed upon them as bankers?

The first paragraphs of the 79th section of the act of 1864, which concerns bankers as distinguished from brokers, is as follows:

"*Bankers* using or employing a capital not exceeding the sum of $50,000, shall pay $100 *for each license;* when using or employing a capital exceeding $50,000, for every additional $1000 in *excess* of $50,000, $2.

"Every person, firm, or company, and every incorporated or other bank, having a place of business where credits are opened by the deposit or collection of money or currency, subject to be

paid or remitted upon draft, check, or order; or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes; or where stocks, bonds, bullion, bills of exchange, or promissory notes, are received for discount or sale, shall be regarded a *banker* under this act."

The 110th section prescribes the additional duties (beside the license tax) to be paid by " any person, bank, association, company, or corporation engaged in the business of banking."

The Circuit Court for New York, where the suit originated, was of opinion that " bankers" were not liable on such sales as those made in this case. The matter was now brought here by the government on error.

*Mr. Speed, A. G., for the United States; Messrs. Allen, Burrill, and Evarts, contra.*

Mr. Justice GRIER delivered the opinion of the court.

In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to construe " *or*" as meaning " *and*," and again " *and*" as meaning " *or*."

The purpose and intent of the legislature, in the amendment made to the ninth paragraph, was evidently not to change the correct definition given of the term " broker," and to make it mean that every man who sold his own stock was a broker, and liable to pay fifty dollars for a license. The obvious purpose of the amendment was to compel brokers to render an account of all sales made, whether for themselves or others, and to pay the duty on them. As is often the case in statutes, though the intention is clear, the words used to express it may be ill chosen.

 · The evil intended to be remedied by the amendment was transparent. If the amendment had been properly expressed, it should have been added as a proviso to the 99th section, which relates to the rates of duty to be paid on sales made in the stock-market by brokers or others licensed and

doing business as such, and in the preceding case the court have so construed it.

Now, a banker pays a much higher license tax than a broker, and is permitted to "prosecute or carry on" the business or profession of a broker without paying any further license; but if he prefers, he may not combine that business with his own. The 110th section prescribes the duties to be paid by a banker. It is not amended so as to require him to render an account of his purchases or sales of government stocks for himself. The case before us, therefore, presents no other question than the construction of the 99th section. It enacts that "all brokers and bankers doing business as brokers shall be subject to the following duties," &c.

Now, in order to subject a banker to the duties prescribed by this section, we are asked to interpolate the important word "*not*," and to construe it as including bankers who *do not*, as well as those who *do* transact "business as brokers." This would not be a construction of the statute, but an amendment thereof in direct contradiction of its language. This we do not feel at liberty to make.

JUDGMENT AFFIRMED.