MONLLOR & BOSCIO, SUCCRS., *S. en C.,* Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7227. Argued February 3, 1936.—Decided February 14, 1936.

*B. Fernández García, Attorney General,* and *Angel C. Calderón, Assistant Attorney General,* for appellant. *Dubón & Ochoteco,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a suit for injunction brought by the commercial firm of Monllor & Boscio, Succrs., *S. en C.,* against the Treasurer of Puerto Rico, in which judgment was rendered

on the pleadings for the plaintiff. The defendant Treasurer took an appeal which the appellee has moved to dismiss, among other grounds, because it is frivolous.

It appears from the record that the plaintiff is engaged in the rectification and manufacture of alcoholic beverages for human consumption in his domicile at Ponce; that he secured a rectifier's license under the Beverage Tax Act of Puerto Rico; that he bottles his product in glass bottles or other containers which he imports, empty, into the Island or buys, also empty, locally, the containers after being filled with the product being sold to the consumers; that on or about May 24, 1935, the Treasurer of Puerto Rico, through his agents, entered the distillery of the plaintiff and attached property to secure the payment of $3,134.38 due as taxes on containers and the plaintiff alleges that there is no law in Puerto Rico to warrant such tax levy while the Treasurer's contention is that there is.

Section 4 of Act No. 1 of 1934 (Session Laws, (2) p. 136), to provide income for The People of Puerto Rico by levying excise taxes on alcoholic beverages provides as follows:

"On all containers introduced into, or manufactured in, Puerto Rico which contain alcoholic beverages or similar products, by whatever name known, and spirits and alcohol, provided that the contents thereof are subject to a tax prescribed by this Act, there shall be paid the following taxes:

"(a) For each container the capacity of which does not exceed eight (8) liquid ounces, one-half (½) cent a container; . . . ."

A similar provision is to be found in section 4 of the Beverage Tax Act, No. 1, approved June 29, 1935 (Session Laws, (2) p. 2).

Pursuant to the above laws, the Treasurer levied and attempted to collect by means of an attachment the tax therein provided on plaintiff's containers. Could he do so? If the cited provisions were in force, the question would be doubtful; but on July 30, 1935, the Legislature itself, by the

second proviso of section 69 of Act No. 38, Session Laws of 1935, p. 438, prescribed as follows:

".  .  .  .  .  And provided further, that as regards Section 4 of Act No. 1, of March 12, 1934, and according to Act·No. 1 of June 29, 1935, it is hereby determined that the Treasurer of Puerto Rico shall refrain from collecting any tax or taxes the levying and collecting of which may be pending under the provisions of said section."

The latter provision which, was not operative either at the time the tax was assessed, or the attachment levied, or the suit commenced, but which was in force at the time the judgment was rendered, was the·one applied by the district court in deciding the case as it did.

The Treasurer does not contend that Act No. 38 of 1935 generally is inapplicable, but that it is only applicable to taxes pending of "levy and collection," and hence it is inapplicable herein, because, although the collection of the tax was pending the levying thereof was not.

All the foregoing reduces itself, then, to the faithful interpretation of the legislative mandate, since it has been held that: "In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to construe 'or' as meaning 'and,' and again 'and' as meaning 'or.' " United States v. Fisk, 70 U. S. 445, 447.

If the clear intention of the Legislature was to abolish the tax, was it to·be confined to cases where the levying thereof was pending without including therein those cases where only the collection was pending? If the intention of the Legislature had been the one stated by the Treasurer, the word "collection" would certainly not be found in the law. The Legislature would only have used the word "levying." By using both these terms it showed that it included in its mandate cases where the levying was pending as well as cases where the collection was pending.

Moreover, we think that in view of the language of the statute the construction given by the trial court is the correct

one, without the necessity of substituting the conjunctive *"and"* by the disjunctive *"or."* Levy and collection are two distinct acts. Where the levying of a tax is pending its collection is also pending, but where the collection is pending it does not necessarily follow that the levying of the tax is pending. Therefore, it must be concluded that grammatically what the statute means is that the Treasurer shall refrain from collecting the taxes referred to in section 4 of each act (No. 1 of 1934 and No. 1 of 1935), the levying or the collection of which might be pending.

The appeal is frivolous and it therefore must be dismissed.