## UNITED STATES v. JOHNSON.
### No. 1276.

District Court, N. D. Oklahoma.
Sept. 25, 1939.

Whit Y. Mauzy, U. S. Dist. Atty., and Chester A. Brewer, Asst. U. S. Dist. Atty., both of Tulsa, Okl., for the United States.

John Rogers and George A. Carlson, both of Tulsa, Okl., and D. E. Johnson, of Fairfax, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The facts involved in this law suit have been stipulated and the stipulation is approved by the court. The findings of fact shall include the facts included in the stipulation.

Such facts disclose that Sin-tsa-wah-kon-tah, a full-blood restricted Osage Indian, Allottee No. 299, was allotted the land, a portion of which is involved in this suit, by virtue of his blood and enrollment. He died intestate on February 21, 1909, leaving as his sole and only heirs at law his father, Perry King, full-blood restricted Osage Allottee No. 297, and his mother, E-ne-ke-op-pe, full-blood restricted Osage Allottee No. 298, each of whom inherited a one-half interest in the land.

Perry King died intestate, on March 5, 1925, leaving as his sole and only heirs at law, E-ne-ke-op-pe, George King, a full-blood Osage Allottee No. 302, Maggie· King, full-blood unallotted Osage restricted Indian, Agnes King Holloway, full-blood unallotted, restricted Osage Indian, and Walter King, Jr., full-blood restricted, unallotted Osage Indian.

Agnes King Holloway died, intestate, on July 9, 1932, leaving surviving her as one of her heirs at law, her husband, John Holloway, who inherited an undivided one-forty eighth (1/48) interest in the land allotted to Sin-tsa-wah-kon-tah. John Holloway is an Osage Indian of one-sixteenth (1/16) degree Osage blood, and was born subsequent· to July 1, 1907, and is not an allotted member of the Osage Tribe of Indians. On April 14, 1934, John Holloway conveyed, by warranty deed, an undivided one-forty eighth (1/48) interest in the lands involved herein to Orie Johnson.

None of the Indians involved in this cause were or have been issued Certificates of Competency.

The question for determination is whether or not the land involved was restricted against alienation by John Holloway, on April 14, 1934.

A consideration of the various Congressional Acts governing the Osage Tribe of Indians and their lands, is necessary for determining the question.

The Allotment Act of June 28, 1906, 34 Stat. 539, and Acts amendatory thereof, imposed restrictions against alienation on lands of members of the Osage Tribe of Indians and their heirs.

The Act of 1906 directed the preparation of the final roll of the Osage Tribe, and provided that the lands and funds belonging to the Indians be divided equally among the enrolled members. All children born after July 1, 1907, were excluded from enrollment. The amount of land was fixed and the homestead was declared to be inalienable until otherwise provided by Congress. Surplus lands were made inalienable for a period of twenty-five (25) years; restrictions to be removed in their entirety as to the surplus lands, and modified as to the homestead lands, in the discretion of the Secretary of the Interior, by the issuance of a Certificate of Competency.

The Act of March 3, 1921, 41 Stat. 1249, removed all restrictions against alienation of the allotment selections, both surplus and homestead, of adult Osage Indians of less than one-half blood. The removal of restrictions so provided, is limited to allotment selections. See Osage County Motor Company v. United States, 8 Cir., 33 F.2d 21. Apparently, inherited lands, not being allotment selections, were not affected by the Act. It has been judicially determined, with respect to inherited lands, that where the heirs were of Indian blood, the restrictions ran with the land and bound the heirs to the same extent as the allottee. United States v. Aaron, C.C., 183 F. 347; Aaron v. United States, 8 Cir., 204 F. 943; Kenny v. Miles, 250 U.S. 58, 39 S.Ct. 417, 63 L.Ed. 841.

The Act of April 18, 1912, 37 Stat. 86, authorized the partition of restricted lands of deceased allottees, subject to the approval of the Secretary of the Interior, and declared that when the heirs of deceased allottees have certificates of competency, or are not members of the Tribe, the restrictions on alienation were removed.

The Act of February 27, 1925, 43 Stat. 1008, Section 3, 25 U.S.C.A. § 331 note, provided that lands devised to members of the Osage Tribe of one-half (½) or more Indian blood, or who do not have Certificates of Competency, under wills approved by the Secretary of the Interior, and lands inherited by such Indians, shall be inalienable, unless such lands be conveyed with the approval of the Secretary of the Interior. The construction of this Act is decisive of the question involved in this suit.

The Act of March 2, 1929, 45 Stat. 1478, Section 1, extends restrictions on lands of members of the Osage Tribe and their heirs until January 1, 1959, and Section 5 of the Act, 25 U.S.C.A. § 331 note, provides that the restrictions concerning lands and funds of allotted Osage Indians, shall apply to unallotted Osage Indians born since July 1, 1907, or after the passage of the Act, and to their heirs of Osage Indian blood. This Section removed all doubt as to the status of unallotted Indians, as restrictions imposed by Congress for the protection of enrolled members of the Tribe, were extended to them.

Applying the Statutes to the facts in the instant case, it is established that the lands involved herein were duly selected and allotted to Sin-tsa-wah-kon-tah as homestead and surplus. Upon his death in 1909, the land descended to his full-blood heirs, who did not have Certificates of Competency, subject to the restrictions which remained in full force and effect. An interest in the land descended to Agnes King in 1925, who is a full-blood Osage Indian, and John Holloway inherited his undivided interest from Agnes King in 1932, he being an Osage Indian of one-sixteenth (1/16) degree of blood. The last two are unallotted Indians, born since July 1, 1907, and neither has a Certificate of Competency. Agnes King inherited her interest in the land prior to the enactment of the Act of 1929, and under the law then in effect such interest passed to her free from restrictions. Sec. 6 of the Act of April 18, 1912, 37 Stat. 87. She died after the enactment of the Act of 1929, without having conveyed her interest. If the Act of 1929 reimposed restrictions, then the conveyance by John Holloway was invalid. The Act of March 2, 1929, extends restrictions to all unallotted Indians born since July 1, 1907, or after the date of the enactment. It recognizes the possibility of restrictions not theretofore being in force, but imposes restrictions after the date of the Act. Section 3 of the Act of 1925, imposed restrictions upon inherited lands, and prohibits the alienation of such lands without the approval of the Secretary of the Interior. It has been heretofore determined that Section 3 of the Act of February 27, 1925, re-imposed restrictions on lands that had theretofore become unrestricted. See, United States v. D. C. Howard, D.C., 8 F.Supp. 617.

Section 3 of the Act of March 2, 1929, 25 U.S.C.A. § 331 note, as extended to unallotted Osage Indians, should be given a similar construction, and the conveyance, being made after March 2, 1929, must be held invalid.

Defendant contends that it was the intention of Congress, in enacting Section 3 of the Act of February 27, 1925, to classify, as to the alienation of lands received by will or by inheritance, on the same basis as the lands which were received by allotment, and that lands devised to or inherited by members of one-half (½) or more Indian blood, who do not have Certificates of Competency, were restricted as to alienation, but that lands devised to or inherited by members of less than one-half (½) Indian blood, were free from restrictions

and could be alienated. An attempt is made to construe the Act so as to limit its effect to members of the Osage Tribe of one-half (½) or more Indian blood who do not have Certificates of Competency. The Act plainly states that it applies to two classes: first, to lands devised to members of the Osage Tribe of one-half (½) or more Indian blood; and, second, to lands devised to members of the Osage Tribe who do not have Certificates of Competency. It is insisted by defendant that the disjunctive "or" should be construed to mean the conjunctive "and", in order to ascertain the clear intent of Congress, and the case of United States v. Fisk, 3 Wall. 445, 70 U.S. 445, 18 L.Ed. 243, is cited. The Congressional Act is so plainly written as to render impossible the construction sought by the defendant. The language is clear and shows that it applies to two classes of Indians, and it cannot be construed to mean that it applies to Indians of one-half (½) or more Indian blood who do not have Certificates of Competency.

A decree may enter for the plaintiff, to the effect that the conveyance to the defendant was invalid because of restrictions imposed against the land involved.