## UNITED STATES v. CUMBEE.
### Cr. No. 8019.

United States District Court
D. Minnesota, Fourth Division.
June 1, 1949.

John W. Graff, United States Attorney, and William P. Murphy, Assistant United States Attorney, of St. Paul, Minnesota, for United States.

Charles T. Hvass, Jr., of Minneapolis, Minnesota, for defendant.

NORDBYE, Chief Judge.

Defendant is charged with possessing and failing to register a 12 gauge single fifteen inch barrel sawed-off shot gun in violation of Section 3261 of the Internal Revenue Code. 26 U.S.C.A. § 3261. The uncontradicted evidence shows clearly the possession and a failure to register such a gun. Section 3261 provides:

"(b) Persons in general. Every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural

person, the name and home address of an executive officer thereof: * * *."

Consequently, there can be no doubt but that defendant has violated the literal terms of this statute. Crapo v. United States, 10 Cir., 100 F.2d 996; Fleish v. Johnston, 9 Cir., 145 F.2d 16. Defendant contends, however, that possession and failure to register is not a violation of law, because in addition there must be a violation of Sections 2720 to 2733 of 26 U.S.C.A. He points to Section 2729 of 26 U.S.C.A., which is sought to be applied here and which provides:

"Any person who violates or fails to comply with any of the requirements of this subchapter and Part VIII of subchapter A of chapter 27 shall, upon conviction, be fined not more than $2,000 or be imprisoned for not more than five years, or both, in the discretion of the court."

The subchapter of which Section 2729 is a part includes Sections 2720 to 2733 of 26 U.S.C.A. Part VIII of subchapter A of Chapter 27, of which Section 3261 is a part, includes Sections 3260 to 3266 of 26 U.S.C.A. Sections 2720 to 2733 refer to taxes on transfer of firearms, and Sections 3260 to 3266 refer to taxes on dealers, etc., registration, and transportation of firearms in commerce, and their importation and exportation. Defendant contends that the use of the word "and" in Section 2729 shows an intent that a violation of the provisions of Sections 2720 to 2733 as well as a violation of the provisions of Sections 3260 to 3266 is required for a penalty under Section 2729. Only a violation under Section 3261 is alleged in the information.

■ But Section 2729 merely is the section which states the *penalty* for the violations of the statutes. It does not purport to state what constitutes a violation or what duty must be performed. So it must be read accordingly. Nothing in Sections 3260 to 3266 or Sections 2720 to 2733 shows that existence of violations therein enunciated is dependent also upon violations of another part of the Internal Revenue Code. To read Section 2729 as defendant urges would cause it to do more than state penalties. It would state what constitutes a violation also. Moreover,

Section 2729 applies to "any" violation of the designated statutes. That means it applies to *each* violation. Where possible, courts must indulge in a reasonable interpretation and one characterized by sound sense. If "and" were read as defendant urges, it would require *two* violations before the penalty which applied to "any" violation could be applied.

■ Moreover, the history of Section 2729 shows the true effect of the term "and" in the present form of the statute. Section 2729 originally was contained in the National Firearms Act, 48 Stat. 1240, which also contained Section 3261 and essentially the other provisions now referred to in Section 2729. The sections were not scattered in separate parts of the statute. They were contained in one Act. What is now Section 2729 then contained the word "Act" in place of the present words, "this subchapter and Part VIII of subchapter A of chapter 27." There is nowhere any indication that Congress, by changing the place of the various sections of the original National Firearms Act when inserting that statute in the Internal Revenue Code, intended to require two violations for a penalty instead of the one which the Act originally contemplated. The change of terminology from "Act" to the present references to subchapters and chapters is, on its face, a change of terminology and form, not substance. In so far as the term "and", to which defendant refers, can be given conjunctive effect, therefore, it must be read in the light of the purpose and history of the provision of which it is a part and the statutes to which it applies. Although this result may give "and" the meaning of "or", in effect, the Supreme Court recognizes that if such a result correctly interprets the intent of Congress, the court is not changing the meaning of the statute. United States v. Fisk, 3 Wall. 445, 70 U.S. 445, 18 L.Ed. 243.

■ Defendant also contends that unless the transfer of the gun, the transportation of the gun in commerce, or the importation or exportation of the gun is also required along with possession, Section 3261 could not be enacted constitutionally by the Federal Government. But the National Firearms Act of which Section 3261 originally was

a part was a taxing statute. In Sonzinsky v. United States, 300 U.S. 506, at page 513, 57 S.Ct. 554, at page 555, 81 L.Ed. 772, the Supreme Court held that the registration requirements for dealers in firearms which, like the instant gun, came under the Act, were "obviously supportable as in aid of a revenue purpose." Dealers were subject to a tax. The registration required of individuals under Section 3261 may be sustained on the same premise. For in view of the nature of the taxable article, including the facility with which it can be transferred, more detailed information and more complete inquiries concerning the article which gives rise to the tax are desirable. Section 3261 applies to all persons who possess guns which were not obtained in conformity with the statute. That is, it requires information on firearms concerning which the Government does not possess information already, but which may give rise to the statute's tax applicability on transfers or dealerships. In some instances, Section 3261 may be the means by which additional dealers subject to the tax can be discovered. For obviously, some persons might obtain firearms other than in conformity to the statute and thereby aid in avoiding the tax which would be required and collected if the possession was known and the dealership thereby revealed. And in other instances as well, Section 3261 may be the means by which the failure to pay taxes on transfers can be discovered. Although the aid which Section 3261 may be able to give in support of the tax (or in support of the provision which forbids unregistered firearms from being transported in commerce) may not be as direct as that given by other sections of the statute, that aid nevertheless is not so small or indirect that it can be disregarded. Compare United States v. Doremus, 1919, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493.

Defendant's claim, therefore, that Section 3261 cannot be supported under any federal power unless a transfer is made or the gun imported, exported, or carried in commerce must be over-ruled. On the facts before the Court, defendant must be found guilty. It is so ordered. An exception is allowed. Sentence will be imposed on June 13, 1949, at ten o'clock A. M.