## Chong et al. v. Faull

*J. F. Staub*, for plaintiffs.

*John J. Dautrich*, for defendant.

LEVINTHAL, J., April 20, 1954.—Defendant's preliminary objections raise the question of the court's jurisdiction in this case in which service upon nonresident defendant was made by registered mail.

The action is in trespass to recover damages to plaintiffs' real estate allegedly arising out of defendant's negligence in improperly excavating the adjacent building. Defendant is described in the complaint as a "building contractor with his principal office in Col-

lingswood, New Jersey", who "was engaged in constructing a building . . ." immediately adjoining to the east of plaintiffs' premises.

Service was made upon defendant and the Secretary of the Commonwealth by registered letter from the sheriff, in accordance with Pa. R. C. P. 2079 (a) and 2077 (a) (1) and the Act of July 2, 1937, P. L. 2747, sec. 1, 12 PS §331.

Rule 2079 (a) reads as follows:

"(a) If an action of the class specified in Rule 2077 (a) (1) is commenced in the county in which the cause of action arose, process may be served upon the Defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

"(1) To the Secretary of the Commonwealth accompanied by the fee prescribed by law, and

"(2) To the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

The class specified in rule 2077 (a) (1) consists of "actions as to which the laws of this Commonwealth authorize service of process upon a nonresident. . ."

The Act of July 2, 1937, P. L. 2747, sec. 11, 12 PS §331, is as follows:

"From and after the passage of this act, any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner,

tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

The question before us is whether defendant is subject to process under this statute as a nonresident "user" of the real estate involved in the injury to plaintiffs' adjacent real estate.

It is argued by defendant that because "and" rather than "or" appears in the clause "by the ownership, possession, occupancy, control, maintenance, *and* use", the mere *use* of real estate by a nonresident does not warrant service of process upon him under this act. It is contended that "ownership, possession, occupancy, control, maintenance and use" must all coexist in order to make a nonresident defendant amenable to such service. We consider this view wholly untenable.

The act by its express terms applies to every nonresident who is "the owner, tenant or user of real estate. . . ." It provides that the Secretary of the Commonwealth shall be deemed the agent of such person to receive service of process for him because of such person's "ownership, possession, occupancy, control, maintenance, and use." The latter clause was not intended to restrict or define the "owner, tenant or user". In our opinion, "and" must be construed as "or", in order to render the statute logically intelligible and to carry out the obvious objective of the legislature. In Pennsylvania Labor Relations Board v. Martha Company et al., 359 Pa. 347 (1948), "and" was interpreted so as to include "or". Our Supreme Court quoted with approval the opinion of the Supreme Court of the United States in United States v. Fisk, 3 Wall. 445, 447 (U. S. 1865) :

"In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to con-

strue 'or' as meaning 'and', and again 'and' as meaning 'or'." See Goodrich-Amram, sec. 2077(a)-18.

In Dubin v. City of Philadelphia et al., 34 D. & C. 61 (1938), President Judge Bok held that a nonresident mortgagee who, upon default by the mortgagor, collected the rents from the mortgaged premises, using them to pay taxes and water rents, and who leased the property to tenants, thereby became the "user" of the property within the meaning of the Act of 1937, even though he never actually occupied the premises. The following dictum in the court's opinion in the Dubin case, at page 70, is pertinent:

"It is not every use that will justify the city in proceeding under the act. The use of property by a trespasser, being without right, would not do so; nor would its use as a permissive crossing, since the users would have no interest in the property. The same can be said of certain kinds of easements, such as the right of a telephone company to maintain its poles on the property. And so of guests, invitees, and licensees. None of these 'possesses' the property, with right to do so. 'Use' must stem from some form of rightful possession, which contemplates some of the perquisites of ownership or control, even if temporary."

Measured by the foregoing test, it is clear that defendant in the present case was a "user" of the property on which he was engaged as a building and excavating contractor and that his "use" stemmed from his rightful possession of the real estate, even if temporary. He was not a mere casual business guest or invitee of the owner of the property. He was, indeed, clothed by the owner of the real estate with the right to control it to the extent of radically altering its condition, and he therefore was entitled to have such possession and occupancy as would be requisite for the purpose of his work thereon. Defendant is therefore subject to process of service under the Act of 1937.

A cursory examination of the statute may perhaps give the impression that it was drawn to apply solely to sidewalk accident cases. The Dubin case was, in fact, an action for personal injuries arising from a broken sidewalk. A more careful study, however, of the provisions of the act leads to the conclusion that the language of the statute is sufficiently broad to include an action, like the instant case, by an adjoining property owner for damages to his property rights.

"There is no limitation to an accident nor to events occurring solely on the property in question. The provision is sufficiently broad to include actions for damages caused to persons off the property and to the land or property owned by other persons": Goodrich-Amram, sec. 2077(a)-18, note 10.

Defendant's preliminary objections are dismissed, and defendant is required to file an answer to the complaint sec. reg.