**Ann M. McCORMICK, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 02–3031.

United States Court of Appeals,
Federal Circuit.

May 21, 2003.

Ann M. McCormick, of Oklahoma City, OK, pro se.

Allison A. Page, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; and Todd M. Hughes, Assistant Director.

ON PETITION FOR PANEL RE-HEARING AND REHEAR-ING EN BANC

*ORDER*

A combined petition for panel rehearing and for rehearing en banc was filed by the RESPONDENT, and a response thereto was invited by the court and filed by the PETITIONER. The petition for rehearing and response was referred first to the merits panel that heard this appeal, and thereafter, the petition for rehearing en banc and response were referred to the circuit judges who are in regular active service. A poll whether to rehear the appeal en banc was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

DYK, Circuit Judge, with whom LINN, Circuit Judge, joins, dissents from the order denying rehearing en banc in a separate opinion.

The mandate of the court will issue on May 28, 2003.

DYK, Circuit Judge, with whom LINN, Circuit Judge, joins, dissenting from the order denying rehearing en banc.

When this case was before the panel on rehearing, I concluded that we were bound by *Van Wersch v. Department of Health & Human Services,* 197 F.3d 1144 (Fed.Cir. 1999), to hold that certain probationary employees in the competitive service were afforded full appeal rights based on previous government service under 5 U.S.C. § 7511 (2000).[1] *McCormick v. Dep't of the Air Force,* 307 F.3d 1339, 1341–42 (Fed. Cir.2002). Now that the matter is before the court en banc I would grant rehearing and overrule *Van Wersch* because I conclude that the statute does not give full

---

1. The statute provides in relevant part:

"employee" means—

(A) an individual in the competitive service—

(i) who is not serving a probationary or trial period under an initial appointment; or

(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less

. . .

(C) an individual in the excepted service (other than a preference eligible)—

(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

(ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a) (2000).

appeal rights to any probationary employees falling within 5 U.S.C. §§ 7511(a)(1)(A)(i) and (a)(1)(C)(i).

*Van Wersch* rested entirely on the notion that we are compelled to interpret the word "or" in 5 U.S.C. § 7511(a)(1)(C) as not meaning "and" (an approach that our decision in this case applied to section 7511(a)(1)(A)). We held that "[t]o adopt the reading of the statute that the government urges would require us to ignore the meaning of the word 'or' that the dictionary, common sense, and the experience of life all bring to us." *Van Wersch,* 197 F.3d at 1151. The consequence was that an individual falling under either (a)(1)(A)(i) or (ii) or (C)(i) or (C)(ii) was considered to be an "employee" with full appeal rights. In fact, we are not so constrained in the reading of the word "or". The Supreme Court ruled over 100 years ago that "[i]n the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to construe 'or' as meaning '*and.*' " *United States v. Fisk,* 3 Wall. 445, 70 U.S. 445, 447, 18 L.Ed. 243 (1865) (emphasis in original). More recently, in an opinion by Justice Harlan, the Court in *De Sylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956), similarly stated that "[w]e start with the proposition that the word 'or' is often used as a careless substitute for the word 'and'; that is, it is often used in phrases where 'and' would express the thought with greater clarity. That trouble with the word has been with us for a long tim[e]."

*Id.* at 573, 76 S.Ct. 974. The Supreme Court then interpreted the word "or" in section 24 of the Copyright Act as meaning "and", in order to give full effect to Congress's intent as expressed in the evolution of the statutory provision and in the legislative history. *Id.* at 573–80, 76 S.Ct. 974. Our sister circuits have likewise read "or" to mean "and" or "and" to mean "or" in order to effectuate Congress's intent. *See, e.g., United States v. Moore,* 613 F.2d 1029, 1040 (D.C.Cir.1979) (Interpreting "or" to mean "and" in 18 U.S.C. § 1623(d), because "a strict grammatical construction will frustrate legislative intent.").[2] The present case is one of those cases where we must construe "or" in subsections (1)(A) and (1)(C) to mean "and." The language is ambiguous, but the underlying purpose is clear.

For more than half a century it has been accepted federal policy to deny probationary employees the same appeal rights as permanent members of the federal work force. Indeed, the primary, if not the only, reason for probationary status is to enable the agency to terminate the employment without complying with the full panoply of appeal rights afforded to permanent employees. *See, e.g.,* 5 C.F.R. § 315.803 (2003) ("The agency shall utilize the probationary period as fully as possible to determine the fitness of the employee and shall terminate his services during this period if he fails to demonstrate fully his qualifications for continued employment.").[3]

---

**2.** *See also United States v. Gomez–Hernandez,* 300 F.3d 974, 978–79 (8th Cir.2002) (interpreting the word "and" to mean "or" in United States Sentencing Guidelines § 2L1.2(b)(1)(A) n. 1(B)(ii), because "our search is for the Sentencing Commission's intent, not for perfect drafting"); *Bruce v. First Fed. Sav. & Loan Ass'n of Conroe,* 837 F.2d 712, 717 (5th Cir.1988) (Interpreting the word "and" to mean "or" in 12 · U.S.C. § 1464(q)(1), because "[a]nalysis of section

1464(q)(1), section 1972(1) and their legislative histories demonstrates that strict grammatical construction of section 1464(q)(1) would frustrate the clear intent of Congress").

**3.** Probationary employees have been granted the right to challenge dismissal on limited grounds by alleging discrimination based on either partisan political or marital reasons. 5 C.F.R. § 315.806 (2003).

The Code of Federal Regulations (C.F.R.), dating back to its first publication in 1939, recognized the limited rights afforded probationary employees. 5 C.F.R. § 12.101 (1939). Section 12.101(b) provided that "[a] probationer may be separated from the service at any time ... without further formality than a written notification setting forth the reasons in full." *Id.* While the language changed, the substantive exclusion remained in the regulations up to and including the current regulations. *See, e.g.,* 5 C.F.R. § 9.102 (1949) (excluding probationary employees from the procedures required for separating permanent and indefinite employees); 5 C.F.R. § 752.103(a) (1969) (excluding probationary employees from the definition of "employees"); 5 C.F.R. § 752.103(a) (1977); 5 C.F.R. § 752.401(d)(11) (2003). *See also* William P. Berzak, *Adverse Actions by Federal Agencies and Administrative Appeals* 19 Am. U.L.Rev. 387, 389–90 (1970) (tracing the history of adverse action procedures and noting the probationary employee exclusion).

None of the statutory enactments in the intervening years manifests an intent to alter this long-standing rule. In 1978 Congress enacted the Civil Service Reform Act of 1978 ("CSRA"). CSRA provided comprehensive changes to the law of the civil service.[4] However, the Act was designed to continue to exclude probationary employees from full appeal rights. S.Rep. No. 95–969, at 9 (1978), *reprinted in* 1978 U.S.C.A.A.N. 2723, 2731. The Senate Report described the existing civil service system, noting that "[i]t is relatively easy to discharge an unsatisfactory employee during the first year of service (probation-

ary period) [but that a]fter an employee has completed the first year of service ... existing law provides that an individual may be removed only for such cause as will promote the efficiency of the service." *Id.* The Senate Report also states that § 7511 was enacted to:

provide[ ] a statutory basis for the procedural protections and appeal rights now granted employees in the competitive service who are serving under career, career-conditional, or certain other non-temporary appointments, *and who have completed a probationary or trial period.*

*Id.* at 2770 (emphasis added). Thus, the legislative history is clear that procedural protections and appeal rights were granted only to those who had completed a probationary or trial period. Importantly, the cited passage shows that Congress did not intend to afford further substantive rights beyond those provided in the preexisting regulations (which denied appeal rights to probationary employees), 5 C.F.R. § 752.103(a) (1977), but rather to provide a statutory basis for those rights.

There is no evidence that the Civil Service Due Process Amendments of 1990, Pub.L. No. 101–376, 104 Stat. 461 ("DPA"), changed this basic approach. As discussed by the panel in *Van Wersch,* the legislative history of the DPA, which provided the current definition of "employee," also clearly showed that probationary employees were not to have full Board appeal rights. *Van Wersch,* 197 F.3d at 1149–51. The legislative history reflects the fact that OPM specifically opposed an earlier bill that would have provided appeal rights

---

**4.** The definition of "employee" provided in 5 U.S.C. § 7511 of CSRA as originally enacted is substantially similar to the language of the current statute, providing:

"employee" means—
(A) an individual in the competitive service who is not serving a probationary or trial

period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less.

5 U.S.C. § 7511 (1978).

to probationary employees in the excepted service. *Id.* at 1149. The legislation as passed was viewed as not affording such rights. *Id.* House Report 101–1022, which accompanied DPA stated:

> On July 30, 1990, the Senate passed H.R. 3086 with amendments. The Senate amendments *were based on an agreement with the Administration* and required excepted service[ ] employees to have completed 2 years of continuous service (rather than only 1 year under the House bill) before they are afforded appeal rights; *excluded from coverage excepted service employees who are serving probationary or trial periods pending conversion to the competitive service;* and excluded employees of the Panama Canal Commission, the Defense Intelligence Agency, and intelligence activities of military departments.

H. Rep. No. 101–1022, at 7 (1991) (emphases added). See *also,* 136 Cong. Rec. 20365, 20366 (1990) (Senate debate). This legislative history again shows that Congress did not intend the DPA to create full appeal rights for probationary employees.

We should, therefore, interpret the statute in light of Congress's clear purpose to deny full appeal rights to probationary employees. *See Reves v. Ernst & Young,* 494 U.S. 56, 73, 110 S.Ct. 945, 108 L.Ed.2d 47 (1990); *Watt v. Western Nuclear, Inc.* 462 U.S. 36, 56, 103 S.Ct. 2218, 76 L.Ed.2d 400 (1983); *Huffman v. Office of Pers. Mgmt.,* 263 F.3d 1341, 1352 (Fed.Cir.2001). This requires that we read the word "or" in the statute to mean "and." Indeed, failure to do so would necessarily lead to absurd results. Not only would some pro-

bationary employees be given full appeal rights, but any person who was "not serving a probationary or trial period under an initial appointment," and thus was covered by (1)(A)(i) and (1)(C)(i), would always have full appeal rights. This reading makes entirely redundant subsections (1)(A)(ii) and (1)(C)(ii) and undermines Congress's plain design to deny appeal rights to any non-probationary employee who had failed to complete the years-of-service requirements as set forth in section (1)(A)(ii) and (1)(C)(ii).

Even if Congress's intent were unclear, under *Chevron,* we must defer to the Office of Personnel Management's ("OPM") interpretation of the statute in its regulations to exclude probationary employees from the definition of "employee." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).[5]

For these reasons I conclude that *Van Wersch* and our decision in this case following *Van Wersch* misinterpreted the statute. The issue is a significant one as it arises with some frequency and potentially affects many employees serving under a probationary or trial appointment. The result of our action today will be to compel OPM to revise its regulations in material respects since those regulations are inconsistent with our interpretation of the governing statute. I respectfully dissent from the denial of rehearing en banc.

---

**5.** With regard to the competitive service, the regulations exclude from procedural protections "the reduction in grade or removal of an employee in the competitive service who is serving a probationary or trial period under an initial appointment." 5 C.F.R. § 432.102(b)(3) (2003). With regard to the excepted service, the regulations exclude from the procedural protections for adverse actions "[a] nonpreference eligible employee serving a probationary or trial period under an initial appointment in the excepted service pending conversion to the competitive service." 5 C.F.R. § 752.401(d)(11) (2003). *See also* 5 C.F.R. § 432.106 (2003).