# United States Court of Appeals for the Federal Circuit

04-3298

LINDA EKSTROM STANLEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

- - - - - - - - - -

04-3427

ELLEN B. VERGOS,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Howard Moore, Jr., Moore and Moore, of Oakland, California, argued for petitioner Linda Ekstrom Stanley in 04-3298.

Ellen B. Vergos, Apperson, Crump and Maxwell, P.L.C., of Memphis, Tennessee, argued pro se in 04-3427.

Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director. Of counsel on the brief were Clifford J. White, III, Deputy Director, and Esther I. Estryn, Deputy General Counsel, Executive Office of United States Trustees, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3298

LINDA EKSTROM STANLEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

- - - - - - - - - -

04-3427

ELLEN B. VERGOS,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: September 9, 2005
_____

Before MAYER, RADER, and LINN, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

Appellants, Linda Stanley and Ellen Vergos, appeal the decisions of the Merit Systems Protection Board, which dismissed their appeals for lack of jurisdiction. Stanley v. Dep't of Justice, SF-0752-02-0591-I-1 (MSPB Mar. 18, 2004); Vergos v. Dep't of Justice, AT-0752-03-0372-I-1 (MSPB July 1, 2004).[1]  Because the board did not err in holding that United States Trustees are excepted from the competitive service and, therefore, not entitled to appeal to the board, we affirm.

Background

Stanley and Vergos were appointed as the bankruptcy Trustees for Region 17 in 1994 and Region 8 in 1995, respectively.  At the time of their appointments, they were covered by the protections contained in 5 U.S.C. §§ 7701(a)[2] and 7513[3] because they qualified as "employees" under 5 U.S.C. § 7511(a).[4]  In 1996, however, Attorney General Janet Reno proclaimed that the position of Trustee is "confidential, policy-

---

[1]    While Stanley and Vergos appealed independently, their cases present identical issues, and we address them in a single disposition.

[2]    Section 7701(a) states that "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."

[3]    Section 7513 states that "(a) Under regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchapter against an employee only for such cause as will promote the efficiency of the service. (b) An employee against whom an action is proposed is entitled to--(1) at least 30 days' advance written notice . . . ; (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer; (3) be represented by an attorney or other representative; and (4) a written decision and the specific reasons therefore at the earliest practicable date."

[4]    Section 7511(a) states that "For the purpose of this subchapter--(1) 'employee' means-- . . . (C) an individual in the excepted service (other than a preference eligible)--(ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less."

04-3298, 04-3427                    2

determining, policy-making, or policy-advocating [in] character" and, as such, "exempted from the civil service due process requirements set forth in Title 5 of the United States Code." The Director of Trustees, Joseph Patchan, circulated a memo stating that Trustees appointed prior to the proclamation would not be affected—they would retain appeal rights—but that all those appointed after the proclamation were exempt from the due process provisions contained in Title 5.

Appellants served their initial five-year terms and each requested appointment to an additional five-year term. Both were reappointed by Attorney General Reno. Three years into their second terms, Attorney General John Ashcroft removed them because of the change in presidential administrations.

Stanley and Vergos appealed their removal to the board arguing that, because they were initially appointed before Attorney General Reno's proclamation, they were entitled to appeal rights. The board dismissed the cases for lack of jurisdiction because it determined that they were not "employees" pursuant to 5 U.S.C. § 7511(b). Specifically, the board found that the position of United States Trustee: (1) was classified as confidential and policy-making by the Attorney General; and (2) was excepted from the competitive service by 28 U.S.C. § 581(c). On appeal, appellants challenge the Administrative Judge's determination that they occupied positions in the excepted service and, further, assert that Congress mandated that Trustees serve the full five-year term established in section 581(b).

Discussion

The scope of the board's jurisdiction is a question of law which we review without deference. Kelley v. Merit Sys. Prot. Bd., 241 F.3d 1368, 1369 (Fed. Cir. 2001);

Lourens v. Merit Sys. Prot. Bd., 193 F.3d 1369, 1370 (Fed. Cir. 1999). The board's jurisdiction is limited; only "employees" or "applicant[s] for employment" as defined in section 7511(a) may appeal to the board. Section 7511(b), however, specifically excludes those employees "(2) whose position[s] ha[ve] been determined to be of a confidential, policy-determining, policy-making or policy-advocating character by-- . . . (C) the President or the head of an agency for a position excepted from the competitive service by statute." Here, it is undisputed that Attorney General Reno's Order in 1996 determined that the position of Trustee was of a "confidential, policy-determining, policy-making or policy-advocating character." This designation of the Trustee position is unreviewable by the courts because it is an "inherently discretionary judgment call" committed to the Attorney General. Cf. Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988) (holding that the denial of security clearance is unreviewable by this court, in part, because it is an "inherently discretionary" decision). Thus, we must only determine whether United States Trustees are excepted from the competitive service by statute. See 5 U.S.C. § 7511(b)(2)(C) (2000).

Prior to 1986, section 581(c) stated that Trustees were "subject to removal for cause by the Attorney General" (emphasis added). In 1986, however, section 581(c) was amended and the "for cause" language was removed. See Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub. L. No. 99-554, § 111(c), 100 Stat. 3088, 3091 (1986). The amended section now reads: "Each United States trustee is subject to removal by the Attorney General." Giving effect to section 581(c)'s plain language and its attendant legislative history, it is apparent that the Attorney General need not show cause before removing a Trustee. See Pierce County,

<u>Wash. v. Guillen</u>, 537 U.S. 129, 145 (2003) ("[W]hen Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." (quoting <u>Stone v. INS</u>, 514 U.S. 386, 397 (1995))). That Trustees may be removed without cause is a clear indication that they are excepted from the competitive service as required by section 7511(b)(2)(C). <u>See</u> 5 U.S.C. § 7513(a); <u>McCormick v. Dep't of the Air Force</u>, 329 F.3d 1354 (Fed. Cir. 2003) (noting that employees in the competitive service may be removed only for cause).

The circumstances of appellants' employment also indicate that they occupied an excepted position. Their personnel forms specifically said that their appointments were excepted pursuant to section 581. And, both were appointed without a competitive examination, which is the "touchstone of the competitive service." <u>Dodd v. Tenn. Valley Auth.</u>, 770 F.2d 1038, 1040 (Fed. Cir. 1985).

Appellants also argue that because they served continuously as Trustees, they were excluded, much like those appointed prior to 1996, from the terms of Reno's order. While appellants did serve continuously, their initial terms ended; they continued in their positions pursuant to section 581(b)[5] merely as holdovers pending reappointment or the appointment of a successor. Once they accepted reappointment, they occupied no different position than any other individual appointed after Reno's order. Reno's proclamation designating the position of Trustee as confidential and policy-making applies to appellants with full force regardless of their previous status.

---

[5] Section 581(b) states that "Each United States trustee shall be appointed for a term of five years. On the expiration of his term, a United States trustee shall continue to perform the duties of his office until his successor is appointed and qualifies."

04-3298, 04-3427       5

Finally, appellants argue that section 581(b) prevents their removal prior to the expiration of their five-year terms.  This is not the law, however, because inferior officers may be removed before the end of their statutorily defined term.  See Parsons v. United States, 167 U.S. 324, 339 (1897) ("[W]e must construe this act as providing absolutely for the expiration of the term of office at the end of four years, and not as giving a term that shall last, at all events, for that time . . . ."); Pievsky v. Ridge, 98 F.3d 730, 734 (3d Cir. 1996) ("It is a long-standing rule in the federal courts that a fixed term merely provides a time for the term to end.").  Furthermore, reading section 581(b) as mandating a five-year term renders section 581(c) meaningless, a construction we will not adopt.  See Food & Drug Admin. v. Brown & Williamson Tobacco Co., 529 U.S. 120, 177 (2000) (holding that a statute should not be construed so as to invalidate other parts of the same statute); Pac Fung Feathers Co. v. United States, 111 F.3d 114, 117 (Fed. Cir. 1997).  If Congress had intended to eliminate the removal authority of the Attorney General during the course of the five-year term, it would have deleted section 581(c) in its entirety.

## Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

## AFFIRMED